**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Kathryn A. Grace, Esq.
Nicole T. Melvani, Esq. (SBN 281718)
8444 Westpark Drive, Suite 510
McLean, Virginia 22102-5102
Telephone: (703) 245-9300
Facsimile: (703) 245-9301
Email: Kathryn.Grace@wilsonelser.com
Email: Nicole.Melvani@wilsonelser.com

Gregory K. Lee, Esq. (SBN 220354)
555 S. Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
Email: Gregory.Lee@wilsonelser.com

*Attorneys for Defendant Delta Air Lines, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### Los Angeles Division

| | |
|---|---|
| Z.B., a minor, and J.B., a minor, by their guardian, S.S., and S.S., an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC.; BRIAN PARTRICK DURNING; and DOES 1-5, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>28 U.S.C. §1332<br>28 U.S.C. §1441<br>28 U.S.C. §1446 |

TO THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Delta Air Lines, Inc. ("Defendant" or "Delta"), by and through its attorneys, Wilson, Elser, Moskowitz, Edelman, & Dicker LLP, hereby removes the above-entitled action, currently pending in the Superior Court of Los Angeles County (the "State Court"), to the

1  United States District Court for the Central District of California, Los Angeles
2  Division, pursuant to 28 U.S.C. §1332, 28 U.S.C. § 1441, and 28 U.S.C. §1446.

## STATE COURT ACTION

1. On January 30, 2024, Plaintiffs Z.B., a minor, and J.B., a minor, by their guardian, S.S., and S.S., an individual ("Plaintiffs") filed a Complaint against Delta Air Lines, Inc., Brian Patrick Durning, and Does 1-5, inclusive, entitled *Z.B. et al v. Delta Air Lines, Inc. et al* in the Superior Court of Los Angeles County, case number 24TRCV00333 (the "State Court Action").

2. The Complaint was served on Delta's agent for service of process on February 23, 2024, along with the Summons, Civil Case Cover Sheet, Order Granting Ex-Parte Application to Allow Plaintiffs' Guardian Ad Litem to Proceed Under a Pseudonym, and Notice of Case Management Conference. (Attached as **Exhibit A** is a copy of the Complaint, Summons, Civil Case Cover Sheet, and Order Granting Ex-Parte Application to Allow Plaintiffs' Guardian Ad Litem to Proceed Under a Pseudonym, and Notice of Case Management Conference, served on February 23, 2024).

3. Plaintiffs' Complaint arises out of the criminal actions of a passenger, Brian Patrick Durning ("Defendant Durning"), on board a Delta flight from Los Angeles, California to Orlando, Florida. Plaintiffs allege Defendant Durning assaulted, Z.B., a minor passenger sitting next to him, causing injury to Z.B., her sibling J.B., and her mother, S.S.. Defendant Durning was arrested and subsequently convicted of assaulting a minor on an aircraft and two counts of simple assault by a federal jury in the United States District Court for the Middle District of Florida.

4. In the Complaint, Plaintiffs allege causes of action against Delta for intentional infliction of emotional distress, gross negligence, negligence, negligent infliction of emotional distress, and violation of Business and Professions Code § 17200.

5. Plaintiff Z.B. alleges causes of action for assault, sexual battery (Civil Code § 1708.5), and battery against Defendant Durning. All Plaintiffs allege causes of action for intentional infliction of emotional distress against defendant Durning.

6. Plaintiffs pray for past, present and future non-economic damages; past, present and future special damages, including but not limited to past, present, future lost earnings, economic damages and others, in an amount to be determined at trial; exemplary and punitive damages; costs and expenses of suit, including expert witness fees; reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and/or any other applicable provision providing for attorneys' fees; pre-judgment and post-judgment interest; and any other equitable and further relief the Court deems proper.

7. Pursuant to 28 U.S.C. § 1446(a), the documents attached as **Exhibit B** constitute all of the process, pleadings, and orders on file in the State Court Action.

8. On March 18, 2024, Delta filed a Notice of Removal to the United States District Court for the Central District of California. *See* Case No. 2:24-cv-2178-FLA-DFM, Dkt. No. 1 (hereinafter referred to as the "First Notice of Removal").

9. At the time of Delta's First Notice of Removal, Plaintiffs had not served any other defendant in this action, including Defendant Durning or John Does 1-5. Defendant Durning had not been properly served and therefore did not need to consent to removal at that time.

10. Additionally, in Delta's First Notice of Removal, and in accordance with 28 U.S.C § 1332, Delta alleged that complete diversity existed between the served parties and the amount in controversy exceeded the jurisdictional requirement of $75,000.00 as required by 28 U.S.C. § 1332.

11. On March 20, 2024, Plaintiffs served Defendant Durning with the summons and complaint. John Does 1-5, sued under fictitious names, were not and

1  have not been properly identified or served and therefore do not need to consent to
2  removal at this time.

3      12.    On March 26, 2024, the Court issued an Order to Show Cause Why
4  Action Should Not Be Remanded for Lack Of Subject Matter Jurisdiction. *See*
5  Case No. 2:24-cv-2178-FLA-DFM, Dkt. No. 23. The Court ordered the Parties to
6  show cause why this action should not be remanded for lack of subject matter
7  jurisdiction because the amount in controversy did not appear on the face of the
8  Complaint to exceed $75,000.

9      13.    On March 27, 2024, Delta conferred with Plaintiffs' Counsel to
10  inquire as to the amount of controversy that Plaintiffs are seeking in this matter by
11  requesting Plaintiffs agree with a stipulation that the amount in controversy (1)
12  does not exceed $75,000.00 or (2) does exceed $75,000.00. Plaintiffs declined to
13  enter such a stipulation or disclose the amount they were truthfully seeking
14  (attached hereto as **Exhibit C**). Plaintiffs also declined to provide any substantive
15  information to Delta regarding their claimed injuries or damages.

16      14.    On April 15, 2024, the Court issued its Order Remanding Action for
17  Lack Of Subject Matter Jurisdiction. *See* Case No. 2:24-cv-2178-FLA-DFM, Dkt.
18  No. 37.

19      15.    In the Court's Order, it found that the amount of damages could not
20  be determined from the face of the Complaint and found Delta had not provided
21  any corroborating evidence as to whether the amount in controversy exceeded the
22  jurisdictional threshold.

23      16.    Following remand, Delta served initial discovery on Plaintiffs seeking
24  information relating to their alleged damages, including Requests for Admissions
25  and Requests for Statements of Damages.

26      17.    On June 24, 2024, Plaintiffs responded to Delta's First Set of Requests
27  for Admissions. Each plaintiff admitted that he or she is seeking more than
28

4

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

299754559v.1

18. $75,000.00 in damages as an individual in the action, exclusive of interests and costs. *See* **Exhibit D.**

19. Additionally, that same day, Plaintiffs served individual responses to the Requests for Statement of Damages. In their individual Statement of Damages, each Plaintiff provided a list of economic and non-economic damages that totaled an amount in excess of $75,000. More specifically, pursuant to Plaintiffs' itemized statement of damages, Plaintiffs each allege millions of dollars in damages.

## GROUNDS AND AUTHORITY FOR REMOVAL

19. Pursuant to 28 U.S.C. § 1441(a), for any civil action brought in a State court, where a district court of the United States would have original jurisdiction, the defendant may remove the action to "the district court of the United States for the district and division embracing the place where such action is pending."

20. Further, pursuant to 28 U.S.C. § 1446(b)(1)(3), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C.§ 1446(b)(1)(3); *see also Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d. 1185, 1188 (9th Cir. 2015).

21. Delta removes this action to the United States District Court for the Central District of California, as this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 since the plaintiffs and the defendants are citizens of separate states and the amount in controversy has been confirmed, by an order or other paper served by Plaintiffs, to be in excess of $75,000.

22. The Ninth Circuit has held that a successive removal petition is permitted "upon a relevant change in circumstances . . . when subsequent pleadings or events reveal a *new and different* ground for removal." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d. 1185, 1188 (9th Cir. 2015).

23. Here, Plaintiffs' discovery responses, which disclosed information that had been withheld by Plaintiffs and which was not previously available to Delta, provides new and different grounds for removal. *See Aguilar v. Roto-Rooter Servs. Co.*, No. CV23-4537PA (SKx), 2023 U.S. Dist. LEXIS 130196 (C.D. Cal. July 26, 2023) ("Sworn discovery responses received from another party in the pending litigation constitute 'other paper' within the meaning of 28 U.S.C. § 1446(b) from which a party may properly be put on notice that a case is or has become removable"; denying motion to remand a second removal that was based on discovery responses); *Carson Cogeneration Co. v. Scottsdale Ins*. Co., No CV 19-10797, 2020 WL 815672, at *3 (C.D. Cal. Feb. 18, 2020) (permitting successive removal based on information newly ascertained through discovery); *Sibilia v. Makita Corp.*, 782 F. Supp. 2d 1329, 1331 (M.D. Fla. 2010) (same); *Cleveland v. West Ridge Acad.*, No. 1:14-cv-01825, 2015 U.S. Dist. LEXIS 3897, 2015 WL 164529, at *5 (E.D. Cal. Jan. 13, 2015) (same; "[A] plaintiff's statement of damages furnished after service of the complaint can constitute 'other paper' within the meaning of section 1446(b) and trigger the thirty-day period for removal."); *see also Benson v. SI Handling Sys., Inc.*, 188. F.3d 780,783 (7th Cir. 1999) ("The only effect of adopting an absolute one-bite rule would be to encourage plaintiffs to be coy").

### *Complete Diversity*

24. Pursuant to 28 U.S.C. § 1332, the Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiffs and Defendants.

25. The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. 28 U.S.C. § 1332(a).

26. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with

the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d. 853, 857 (9th Cir. 2001).

27. A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and in practice, the principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination").

28. For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *Strotek Corporation v. Air Transport Association of America*, 300 F.3d 1129, 1131 (9th Cir. 2002).

29. Upon information and belief, Plaintiffs are citizens of, domiciled in, and residents of California. *See* Plaintiffs' Complaint at ¶ 7-9, 18.

30. Delta is a corporation that is incorporated in Delaware and has its principal place of business in Georgia.

31. Defendant Durning is domiciled in and a citizen of the State of Florida.

32. Therefore, complete diversity of citizenship exists between Plaintiffs and Defendants.

33. The defendants identified as "Does 1-5" in Plaintiffs' Complaint are sued under fictitious names, and their citizenship must be disregarded for purposes of determining removal jurisdiction. 28 U.S.C. §1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

34. Plaintiffs do not allege Durning's citizenship in their complaint. Rather, Plaintiffs make a conclusory allegation that Durning is a *resident* of Los Angeles County, California. *See* Plaintiffs' Complaint at ¶ 11.

35. However, "28 U.S.C. §1332 speaks of citizenship, not of residency. . . . . The natural person's state citizenship is then determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.,* 265 F. 3d 853, 857 (9th Cir. 2001); *see also Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223 (9th Cir. 2019) ("We agree that residency is not equivalent to citizenship."); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (noting that the Ninth Circuit has not yet addressed whether "a person's residence [is] prima facie evidence of the person's domicile.").

36. A natural person's domicile is his or her "permanent home," the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter,* 265 F. 3d at 857. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.; see also Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.").

37. Defendant Durning's domicile is the State of Florida, the place he intends to return to following the completion of his prison sentence.

38. To the best of Delta's knowledge, no other defendant has been served in this action yet. *See* State Court Docket Sheet (attached hereto as **Exhibit E**).

### *Amount in Controversy*

39. The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

40. The Supreme Court has held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

41. The amount in controversy is based on the relief a plaintiff theoretically could obtain if he or she was successful on all the claims. *Campbell v. Vitran Exp., Inc.* 471 F. App'x 646, 648 (9th Cir. 2012). Thus, for purposes of evaluating the total amount in controversy, the court must presume the plaintiff will prevail on each and every one of their claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability")); *Dugan v. ACME Markets, Inc.*, Civ. No. 15-5267, 2016 U.S. Dist. LEXIS 6838, 2016 WL 266350, at *3 (D.N.J. Jan. 21, 2016) ("[P]ersonal injury cases alleging 'severe and permanent' injuries will be removable absent proof to a 'legal certainty' that the amount in controversy cannot exceed $75,000." (citations omitted)).

42. In considering the aggregate reasonable amount in controversy, amounts sought for punitive damages are properly included as well. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994).

43. Here, Plaintiffs' Complaint alleges each of them suffered "substantial and permanent injuries . . . including but not limited to: severe emotional distress, including but not limited to, anxiety, depression, Post-Traumatic Stress Disorder, panic attacks, loss of enjoyment of life, fear of flying, nightmares and inability to perform daily activities, and physical manifestations of severe emotional distress, such as physical injuries from self-destructive behavior." *See* Complaint at ¶ 46.

44. Plaintiffs seek past, present, and future non-economic damages; past, present and future special damages, including but not limited to past, present, future lost earnings, economic damages and others; exemplary and punitive damages; costs and expenses of suit, including expert witness fees; reasonable attorneys' fees; and pre-judgment and post-judgment interest.

45. Plaintiffs have admitted and confirmed they intend to seek damages well above $75,000.00, which is evidenced by Plaintiffs' responses to Delta's First Set of Requests for Admissions as well as Plaintiffs' responses to Delta's Requests for Statements of Damages. *See* **Exhibit C.**

46. Given the claims alleged and scope of damages sought, the amount in controversy exceeds $75,000.

47. Accordingly, this Court has original jurisdiction in this action under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between the parties; and (2) the amount in controversy exceeds $75,000.

## COMPLIANCE WITH REMOVAL PROCEDURE

### *Timeliness of Removal*

48. As a general rule, removal is required within thirty days of service of the Complaint or thirty days from the first instance notice was provided of removability. 28 U.S.C. § 1446(b)(3).

49. Delta was served with Plaintiffs' Responses to Delta's Requests for Admissions and Request For Statement Of Damages, (a pleading and other paper) on June 24, 2024. Plaintiffs' discovery responses established that this matter is ripe for removal. *See Cleveland v. West Ridge Acad.*, No 1:14-cv-01825, 2015 U.S. Dist. LEXIS 3897, 2015 WL 164529, at *5 (E.D. Cal. Jan. 13, 2015) (denying motion to remand a second removal attempt on timeliness grounds where the amount in controversy was not evidence on the face of the complaint and, after an initial remand, the plaintiffs served Statements of Damages providing a list of damages totaling in excess of $75,000).

50. Delta is filing this Notice of Removal within thirty days from the date of service of Plaintiffs' discovery responses and, therefore, is in compliance with 28 U.S.C. § 1446.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

299754559v.1

*Venue*

51. Venue in this District is proper pursuant to 28 U.S.C. § 1441(a) because the Los Angeles Superior Court, where the underlying action is currently pending, is located within the Central District of California.

*Appropriate Notice*

52. Pursuant to 28 U.S.C. § 1446(d), Delta will promptly provide written notice of this Removal to all Plaintiffs, Defendant Durning, and the Clerk of the Superior Court for the County of Los Angeles.

*Consent*

53. As required by 28 U.S.C. 1446(b), Delta met and conferred with Defendant Durning to obtain Defendant Durning's Consent.

54. Pursuant to 28 U.S.C. § 1446(b), Defendant Durning consents to removal.

*Non-Waiver of Defenses*

55. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Delta of any fact, of the validity or merits of any of Plaintiffs' claims, causes of action, and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Delta's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

56. Delta expressly reserves the right to amend or supplement this Second Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law to provide additional supporting evidence or include any additional sums sought in the Complaint not included herein, should any aspect of this removal and/or the information set forth herein be challenged. *See, e.g., Arias v. Residence Inn,* 936 F. 3d 920, 925-29 (9th Cir. 2019) (defendant must be

provided "a fair opportunity to submit proof" where amount in controversy contested).

WHEREFORE, Delta respectfully removes *Z.B. et al v. Delta Air Lines, Inc. et al,* Case Number 24TRCV00333, currently pending in the Superior Court of Los Angeles County, to this Honorable Court for trial and determination.

Respectfully submitted,

Dated: July 24, 2024

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: */s/ Nicole T. Melvani*
Kathryn A. Grace, Esq.
Nicole T. Melvani, Esq.
Gregory K. Lee, Esq.
*Attorneys for Defendant*
*Delta Air Lines, Inc.*

*Z.B. et al v. Delta Air Lines, Inc. et al*

# PROOF OF SERVICE

I, the undersigned, am over the age of 18 and not a party to the within action. My business address is 8444 Westpark Drive, Suite 510, McLean, Virginia 22102.

On July 24, 2024, I caused to be served the following document(s) described as follows:

**DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**

on the parties in this action by placing a true copy in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐ **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Diego, California.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION** - I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on July 24, 2024, at McLean, Virginia. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

/s/ *Nicole Melvani*

Nicole Melvani

*Z.B. et al v. Delta Air Lines, Inc. et al*

**SERVICE LIST**

| | |
|---|---|
| **LEWIS BAACH KAUFMANN MIDDLEMISS PLLC**<br>Jessica R. Lobis Buckwalter (SBN 199200)<br>Jessica.Buckwalter@lbkmlaw.com<br>Jeffrey Robinson<br>Jeffrey.Robinson@lbkmlaw.com<br>1050 K Street, NW, Suite 400<br>Washington, DC 20001<br>Tel: (202) 833-8900<br>Fax: (202) 466-5738<br><br>Adam Kaufmann<br>Adam.Kaufmann@lbkmlaw.com<br>Li Jiang (SBN 292940)<br>Li.Jiang@lbkmlaw.com<br>10 Grand Center, 155 East 44th St., 25th Floor<br>New York, NY 10017<br>Tel: (212) 826-596-2919<br>Fax: (202) 826-7146<br><br>**AGNIFILO LAW GROUP, APC**<br>Karen Agnifilo<br>karen@agnifilolaw.com<br>256 5th Ave.<br>New York, NY 10001<br>Tel: (646) 596-2919<br><br>**DE CASTRO LAW GROUP, P.C.**<br>José-Manuel A. de Castro (SBN 213769)<br>jmdecastro@decastrolawgroup.com<br>7590 N. Glenoaks Blvd., Suite 201<br>Los Angeles, CA 91504<br>Tel: (310) 270-9877<br>Fax: (310) 341-2330 | Attorneys for Plaintiffs |