**LEWIS BAACH KAUFMANN MIDDLEMISS PLLC**
Jessica R. Lobis Buckwalter (SBN 199200)
    *Jessica.Buckwalter@lbkmlaw.com*
Jeffrey D. Robinson (*pro hac vice* pending)
1050 K St., NW, Suite 400
Washington, DC 20001
Telephone: (202) 833-8900; Facsimile: (202) 466-5738

Adam Kaufmann*
    *Adam.Kaufmann@lbkmlaw.com*
Li Jiang (SBN 292940)
    *Li.Jiang@lbkmlaw.com*
10 Grand Central, 155 East 44th St., 25th Fl.
New York, NY 10017
Telephone: (212) 826-7001; Facsimile: (202) 826-7146

**AGNIFILO LAW GROUP, APC**
Karen Agnifilo*
    *karen@agnifilolaw.com*
256 5th Avenue
New York, NY 10001
Telephone: (646) 596-2919

*admitted *pro hac vice* in Related Case

**DE CASTRO LAW GROUP, P.C.**
José-Manuel A. de Castro (SBN 213769)
    *jmdecastro@decastrolawgroup.com*
7590 N. Glenoaks Blvd., Suite 201
Los Angeles, CA 91504
Telephone: (310) 270-9877; Facsimile: (310) 341-2330

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.B., a minor, and J.B., a minor, by their guardian, S.S., and S.S., an individual,<br><br>       Plaintiffs,<br><br>   vs.<br><br>DELTA AIR LINES, INC.; BRIAN PATRICK DURNING; and DOES 1 through 5, inclusive,<br><br>       Defendants. | Case No. 2:24-cv-06190 FLA (DFMx)<br><br>[Removal from Los Angeles County Superior Court Case No. 24TRCV00333]<br><br>Related Case: 2:24-cv-02178 FLA (DFMx)<br><br>**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 6, 2024<br>Time: 1:30<br>Courtroom 6B<br>Complaint filed: January 30, 2024 |

**TO ALL COUNSEL AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on September 6, 2024 at 1:30 p.m., or as soon thereafter as they may be heard by the Honorable Fernando L. Aenlle-Rocha in Courtroom 6B of the above-entitled court located at 1st Street Courthouse, 350 W. 1st Street, Los Angeles, 90012, Plaintiffs Z.B., J.B. and S.S. ("Plaintiffs"), by and through their attorneys, will and do hereby move this Court for an order remanding this case to the Superior Court of the State of California, for the County of Los Angeles (the "State Court"), where it was originally brought. Plaintiffs bring this motion to remand pursuant to 28 U.S.C. § 1447(c) on the grounds that this Court lacks subject matter jurisdiction over this action, and therefore removal was improper. Defendant Brian Patrick Durning, like Plaintiffs, is a citizen of the State of California; accordingly, complete diversity of citizenship is absent and there is no other basis for jurisdiction.[1]

   This Motion is made following counsels' discussions on April 3, 2024, April 11, 2024, and July 26, 2024, where counsel discussed, pursuant to L.R. 7-3, the contemplated motion, any potential resolution thereto and then determined that they are at an impasse. This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jessica R. Lobis Buckwalter and supporting exhibits thereto, the papers, records, and file in this action and in Related Case 2:24-cv-02178 FLA (DFMx), and all further oral and documentary evidence that may be presented at or before the hearing on this matter.

---

[1] In Related Case 2:24-cv-02178-FLA (DFMx), an identical action, the parties filed Responses to this Court's Order to Show Cause Why Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction (Case No. 2:24-cv-02178-FLA (DFMx), Dkt. Nos. 23, 33-34). Thereafter, this Court issued its Order Remanding Action For Lack of Subject Matter Jurisdiction. *Id.* at Dkt. No. 37.

Dated: August 2, 2024

Respectfully submitted,

**LEWIS BAACH KAUFMANN MIDDLEMISS PLLC**

By: /s/ Jessica R. Lobis Buckwalter

Jessica R. Lobis Buckwalter (SBN 199200)
Adam Kaufmann*
Jeffrey D. Robinson (*pro hac vice* pending)
Li Jiang (SBN 292940)

*admitted *pro hac vice* in Related Case

**AGNIFILO LAW GROUP, APC**
Karen Agnifilo*

**DE CASTRO LAW GROUP, P.C.**
José-Manuel A. de Castro (SBN 213769)

*Attorneys for Plaintiffs*

NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I.     INTRODUCTION .......................................................................................... 1

II.    BACKGROUND ............................................................................................. 1

       A.    Procedural History ............................................................................. 1

       B.    Statement of Relevant Facts .............................................................. 3

       C.    The Parties ......................................................................................... 4

III.   LEGAL STANDARD .................................................................................... 5

IV.    LEGAL ARGUMENT ................................................................................... 6

       A.    Complete Diversity Of Citizenship Does Not Exist Because
             Plaintiffs And Defendant Durning Are California Citizens. .................... 7

             1.    Durning Was Domiciled In California Prior To
                   His Incarceration ....................................................................... 7

             2.    Durning's Incarceration Does Not Change His California
                   Citizenship Status ................................................................... 10

       B.    Delta's Second Notice Of Removal Is Improper ..................................... 12

CONCLUSION .......................................................................................................... 14

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1 ......................... 14

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*Allen v. UtiliQuest, LLC*,
    No. 4:13-cv-04466-SBA, 2014 WL 94337 (N.D. Cal. Jan. 9, 2014) ...................... 12

*Berg v. Unitus Community Credit Union*,
    No. 3:14-cv-00135-AC, 2014 WL 4674591 (D. Or. Sept. 17, 2014) .................... 11

*Bradford v. Mitchell Bros. Truck Lines*,
    217 F. Supp. 525 (N.D. Cal. 1963) ........................................................................ 10

*Buenrostro v. Buenrostro*,
    No. 2:15-cv-138-JAM-KJN, 2015 WL 1926992 (E.D. Cal. Apr. 21, 2015) .....10-11

*Caterpillar Inc. v. Lewis*,
    519 U.S. 61 (1996) ................................................................................................5-6

*Caterpillar Inc. v. Williams*,
    482 U.S. 386 (1987) ................................................................................................. 5

*Corral v. Select Portfolio Servicing, Inc.*
    878 F.3d 770 (9th Cir. 2017) ................................................................................... 6

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
    899 F.3d 785 (9th Cir. 2018) .............................................................................. 6, 12

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) .............................................................................. 6, 10

*GB Inland Props. LLC v. Villareal*,
    No. 5:12-cv-01324-SJO (DTBx), 2012 WL 12902485
    (C.D. Cal. Aug. 30, 2012) ...................................................................................... 10

*Hossein v. Cantor*,
    No. 2:23-cv10418-JLS (SSC), 2024 WL 866534 (C.D. Cal. Feb. 29, 2024) ........7-8

*Hunter v. Philip Morris USA*,
    582 F.3d 1039 (9th Cir. 2009) ................................................................................. 6

*Johnson v. Johnson*,

    615 Fed. Appx. 430 (9th Cir. 2015) ..................................................................10-11

*Johnson v. Prologis NA2 U.S., LLC.*,

    No. 5:22-cv-01381- JGB, 2022 WL 13800427 (C.D. Cal. Oct. 20, 2022) ........13-14

*Kanter v. Warner-Lambert Co.*

    265 F.3d 853 (9th Cir. 2001) .................................................................................7

*Kantor v. Wellesley Galleries, Ltd.*,

    704 F.2d 1088 (9th Cir. 1983) ..............................................................................7

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,

    199 F.Supp.2d 993 (C.D. Cal. 2002) ....................................................................6

*Kirkbride v. Continental Cas. Co.*,

    933 F.2d 729 (9th Cir. 1991) ...........................................................................12-13

*Leon v. Gordon Trucking, Inc.*,

    76 F.Supp.3d 1055 (C.D. Cal. 2014) ...............................................................12-13

*Lew v. Moss*,

    797 F.2d 747 (9th Cir. 1986) ..............................................................................6-8

*Lodi Mem'l Hosp. Ass'n, Inc. v. Blue Cross of Cal.*,

    No.2:12-cv-01071-WBS (GGH), 2012 WL 3638506 (E.D. Cal. Aug. 22, 2012) ..12

*Markarian v. BMW of North America, LLC*,

    No. 2:23-cv-09209-FLA (VCx), 2022 WL 16531959

    (C.D. Cal. Oct. 28, 2022)........................................................................................6

*Mays v. Nurtur, LLC*,

    No. 2:20-cv-8335-SB (AGR), 2020 WL 6690642 (C.D. Cal. Nov. 13, 2020) .......10

*Miller v. Greyhound Lines, Inc.*,

    No. 2:13-cv-05341-ODW, 2013 WL 3899317 (C.D. Cal. July 29, 2013)...............7

*Morongo Band of Mission Indians v. California State Bd. of Equalization*,

    858 F.2d 1376 (9th Cir. 1988) ..............................................................................6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO REMAND ACTION TO STATE COURT

*Owen Equip. & Erection Co. v. Kroger*,

    437 U.S. 365 (1978) .................................................................................... 6

*Owens v. Huntling*,

    115 F.2d 160 (9th Cir.1940) ...................................................................... 7

*Prather v. Public Service Mutual Ins. Co.,*

    No. 10-cv-06366-SJO (FMOx), 2010 WL 11603049 (C.D. Cal. Nov. 3, 2010) .... 10

*Proctor v. Vishay Intertechnology Inc.,*

    584 F.3d 1208 (9th Cir. 2009) ............................................................13-14

*Rea v. Michaels Stores Inc.,*

    742 F.3d 1234 (9th Cir. 2014) ................................................................ 13

*Reyes v. Dollar Tree Stores, Inc.,*

    781 F.3d 1185 (9th Cir. 2015) ................................................................ 13

*Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.,*

    837 F.2d 413 (9th Cir. 1988) .................................................................. 12

*Silver v. Siegel*,

    No. 19-cv-5838-PA (PLAx), 2019 WL 6711678 (C.D. Cal. July 9, 2019) ............ 10

*Steen v. Am. Nat'l Ins. Co.,*

    No. 2:20-cv-11226-ODW (SKx), 2022 WL 19915548

    (C.D. Cal. Feb. 9, 2022) ......................................................................... 10

*Strotek Corp. v. Air Transp. Ass'n of Am.,*

    300 F.3d 1129 (9th Cir. 2002) ..................................................................6

*Waters v. Kohl's Dep't Stores, Inc.,*

    No. 28-CV-00328, 2018 WL 1664968 (C.D. Cal. Apr. 4, 2018) ........................... 13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO REMAND ACTION TO STATE COURT

1

**<u>Statutory Authorities</u>**

2    28 U.S.C. § 1332 ............................................................................... 1-2, 5-6, 10

3    28 U.S.C. § 1441 ...................................................................................1-2, 5, 10

4    28 U.S.C. § 1446 ...................................................................................1-2, 12

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO REMAND ACTION TO STATE COURT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

For a second time Defendant Delta Airlines, Inc. ("Delta") has sought to remove this action from the Superior Court of the State of California for the County of Los Angeles where it was properly filed. As with its first attempt, Delta's Notice of Removal of Civil Action to Federal Court under 28 U.S.C. §§ 1332, 1441 and 1446 rests entirely on its assertion that this Court has subject matter jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332. As was the case with Delta's first attempt at removal, that assertion is wrong. Delta's first attempt at removal failed because, in response to this Court's Order to Show Cause, (Case No. 2:24-cv-02178-FLA (DFMx), Dkt. No. 23), Delta failed to establish that it met the amount in controversy requirement for diversity jurisdiction (Case No. 2:24-cv-02178-FLA (DFMx), Dkt. No. 37). As demonstrated below, this second attempt at removal also should fail because this Court does not have diversity jurisdiction. Defendant Brian Patrick Durning ("Durning") and Plaintiffs Z.B., J.B., and S.S. ("Plaintiffs") are all California citizens and, therefore, the required complete diversity of citizenship between all plaintiffs and all defendants is absent. Plaintiffs respectfully request that this case be remanded to the Superior Court of the State of California, for the County of Los Angeles, where it was originally brought.

## II.   BACKGROUND

### A.    Procedural History

Plaintiffs filed their Complaint against Defendants Delta and Durning in the Superior Court of the State of California for the County of Los Angeles ("State Court") on January 30, 2024. (Dkt. No. 1-1 at 11-33, Complaint in Case No. 24TRCV00333 ["Complaint"]). On February 14, 2024, the State Court issued Orders appointing a Guardian Ad Litem for the minor Plaintiffs, Z.B. and J.B., and granted Plaintiffs' *Ex Parte* Application to allow them to proceed under pseudonyms. (Dkt. No. 1-1 at 2-3, Dkt. No. 1-2 at 1-5).

On February 16, 2024, the State Court issued Summons to Delta and Durning.

(Dkt. No. 1-1 at 1, Dkt. No. 1-2 at 84). Delta was served with a copy of the Complaint and Summons on February 20, 2024. (Declaration of Jessica R. Lobis Buckwalter, dated August 2, 2024 ["Buckwalter Decl."], at ¶ 5, Exh. 1). Durning was served with a copy of the Complaint and Summons on March 20, 2024. (*Id.* at ¶6, Exh. 2).[2]

On March 18, 2024, Delta filed a Notice of Removal to this Court under 28 U.S.C. §§ 1332, 1441 and 1446 resting on its assertion that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Z.B. a minor et al. v. Delta Air Lines, Inc. et al.*, Case No. 2:24-cv-02178 FLA (DFMx) ("Prior Action") at Dkt. No. 1, Notice of Removal ["First NOR"] at ¶¶ 20, 26, 32; *see also* Dkt. No. 1-2 at 44 – 54.

On March 26, 2024, this Court issued an Order to Show Cause Why Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction "because the amount in controversy does not exceed the jurisdictional threshold." (Prior Action, Dkt. No. 23).[3]  Plaintiffs and Delta responded to that Order. (Prior Action, Dkt. Nos. 33-34).[4]

On April 15, 2024, this Court issued Order Remanding Action For Lack of Subject Matter Jurisdiction ("Remand Order") finding that Delta failed to meet its burden to show that the amount in controversy exceeds the jurisdictional threshold. (Dkt. No. 1-2 at 67-72).

On July 24, 2024, Delta filed a second Notice of Removal to this Court seeking to again remove the same State Court Action under 28 U.S.C. §§ 1332, 1441 and 1446, again resting entirely on the assertion that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. No. 1, Notice of Removal ["Second NOR"] ¶¶ 19, 21, 24).

---

[2] It took longer to serve Durning with the Summons and Complaint because he is incarcerated and was being transferred between various prisons, each of which required service through a different Sheriff's office. *See* Prior Action, Dkt. No. 35-2 at ¶¶ 5-10.

[3] On March 28, 2024, this Court issued a federal summons to Durning (Prior Action, Dkt. No. 30), which Plaintiffs served on Durning on April 24, 2024. (Buckwalter Decl. at ¶ 7, Exh. 3).

[4] On April 12, 2024, Plaintiffs filed a Notice of Motion and Motion to Remand. (Prior Action, Dkt. No. 35). That motion was not decided because of the Court's decision on the amount in controversy issue.

Delta did not file a Notice of Related Action and the case was assigned to the Honorable Sherilyn Peace Garnett. (Dkt. No. 5). On July 29, 2024, the Honorable Percy Anderson issued "Order to Reassign Case (Identical Civil Cases)" and the case was transferred to the Honorable Fernando L. Aenlle-Rocha. (Dkt. No. 6).

**B.    Statement of Relevant Facts**

This matter arises out of the horrific sexual assault of a thirteen-year-old child during an overnight Delta flight from Los Angeles, California, to Orlando, Florida. Durning assaulted Z.B., a minor passenger sitting next to him, causing injury to Z.B., as well as to her sibling J.B., and her mother, S.S., who were also passengers on the flight. (Complaint, Dkt. No 1-1). Durning's sexual assault was enabled by Delta's conduct allowing a visibly intoxicated Durning to board the flight and continuing to serve him alcohol during the flight in violation of the law and Delta's own policies and procedures. (*Id.* at ¶¶ 1-2, 21-24, 39-82). After Delta became aware of the sexual assault, Delta caused Plaintiffs to suffer further trauma and harm by forcing the minor to stay in the seat where the assault took place, seating Durning near his victim and her family without any restraints, allowing Durning to roam freely about the airplane where he taunted and harassed Plaintiffs, and, as a final indignity, allowing Durning to retrieve his luggage from the compartment directly above Plaintiffs and further harass and taunt them as he deplaned. (*Id.* at ¶¶ 1-6, 25-82). Delta committed these acts and omissions while being aware of the well-documented prevalence of in-flight sexual assaults, and the heightened risk of such assaults on red-eye flights. (*Id.*).

Durning was arrested and subsequently convicted of assaulting a minor on an aircraft and two counts of simple assault by a federal jury in the United States District Court for the Middle District of Florida. *See United States v. Brian Patrick Durning*, Case No. 6:22-cr-00102-WWB-RMN-1 (M.D. Fla.) (Dkt. No. 115); *see also* Complaint at ¶ 34, Dkt 1-1.

Plaintiffs allege causes of action against Delta and Does 1-5 respectively for intentional infliction of emotional distress, gross negligence, negligence, negligent

infliction of emotional distress, and violation of California Business and Professions Code § 17200. (Complaint, Dkt. No. 1-1). Plaintiffs allege causes of action against Durning for assault, sexual battery, battery, and intentional infliction of emotional distress. (*Id.*).

## C.    **The Parties**

Plaintiffs are California citizens currently residing in Los Angeles County, California. Plaintiff S.S. has resided in Los Angeles County, California continuously since 1989. (Buckwalter Decl. at ¶ 19, Exh. 13). She works in California, is a California-registered voter, and has a California driver's license. (*Id.*). Both Z.B. and J.B. are the minor children of S.S. and they reside with their parents and attend school in Los Angeles County, California. (*Id.*, Exh. 13 at ¶ 5).

Delta is a corporation organized under the laws of the state of Delaware, with its principal place of business in Atlanta, Georgia. (Second NOR at ¶ 30, Dkt. No. 1).

Durning is a California citizen who resided in Los Angeles County, California, prior to his current incarceration. The indicia of Durning's California citizenship are extensive and include the following:

i.    At the time of his arrest on June 24, 2022, Durning presented a California Driver's license. (Buckwalter Decl. at ¶¶ 8-10, Exh. 4 at 10:14-25, 17:4-24:11, and Exhs. 5-6).

ii.   During his Initial Appearance Hearing in the Middle District of Florida on June 24, 2022, Durning's attorney represented to the court that Durning had a California permanent address (2044 El Molino Ave., Altadena, California), and that he would return to and reside at that address in California if released. (*Id.* at ¶ 11, Exh. 7 at 22:1-25:20).

iii.  The same Altadena, California, address was used on the Order Setting Conditions of Release of Durning in the criminal matter and he was prohibited from changing his residence from that address without advance approval from Pretrial Services. (*Id.* at ¶ 12, Exh. 8 at 2 and 7).

iv.  On June 22, 2023, after Durning was convicted by a federal jury in the United States District Court for the Middle District of Florida, Durning's attorney represented to the Court that Durning "is a resident of California." (*Id.* at ¶ 8, Exh. 4 at 228:20-229:9).

v.  From 2021 through June 2, 2024, Durning held a valid, unexpired California realtor license that was issued by the State of California in 2021. (*Id.* at ¶¶ 13, 20, Exhs. 9 and 14). The mailing address listed on Durning's license is the same Altadena address Durning provided and used in connection with the criminal proceedings. (*Id.* at ¶¶ 11-13, Exhs. 7-9).

vi.  On June 3, 2024, Durning's realtor license was suspended because of his criminal conviction. (*Id.* at ¶ 20, Exh. 14). The mailing address listed on the California Department of Real Estate's website in connection with that suspension is the same Altadena address Durning provided and used in connection with the criminal proceedings. (*Id.* at ¶¶ 11-12, 20, Exhs. 7-8, 14).

vii.  According to his profile on LinkedIn, Durning has worked in various positions in California since 2015. (*Id.* at ¶ 14, Exh. 10).

viii.  When completing the Family Law Financial Affidavit in connection with divorce proceedings brought by his then-wife in August 2022, Durning listed the Altadena address. (*Id*. at ¶ 15, Exh. 11).

Durning is currently incarcerated at FCI Fort Dix in New Jersey. (*See Id.* at ¶ 7).

## III.    **LEGAL STANDARD**

A defendant may remove a civil action to federal court only when jurisdiction originally would lie in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between citizens of different States. Section 1332 requires complete diversity – *i.e., that* "the citizenship

5

of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 67-68 (1996); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff.") (emphasis in original). Diversity is determined and must exist at the time the original complaint is filed. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

The party removing a case and asserting diversity jurisdiction has the burden of establishing diversity of citizenship and the amount in controversy by a preponderance of the evidence through competent proof. *See e.g., Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d 785, 795 (9th Cir. 2018); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (internal citation omitted); *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986); *Markarian v. BMW of North America, LLC,* No. 2:23-cv-09209-FLA (VCx), 2022 WL 16531959, at *2 (C.D. Cal. Oct. 28, 2022). Conclusory allegations regarding diversity are insufficient to meet that burden. *Id.; see also Corral v. Select Portfolio Servicing, Inc.* 878 F.3d 770, 774 (9th Cir. 2017) (internal citation omitted); *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

## IV.  **LEGAL ARGUMENT**

This action was improperly removed for a second time from state court. Delta's only asserted basis for federal jurisdiction, diversity jurisdiction under 28 U.S.C. § 1332, does not exist. Delta has not and cannot meet its burden to show otherwise.

A. **Complete Diversity Of Citizenship Does Not Exist Because Plaintiffs And Defendant Durning Are California Citizens.**

As shown below, Delta cannot establish that diversity jurisdiction exists here because Plaintiffs and Defendant Durning are all citizens of California. Therefore, subject matter jurisdiction does not exist, removal was improper, and this case should be remanded to the State Court.

1. **Durning Was Domiciled In California Prior To His Incarceration.**

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Domicile is established by a person's "fixed habitation or abode in a particular place" and intent to remain there indefinitely. *See Lew*, 797 F.2d at 749-750, *quoting Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir.1940); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Domicile "is evaluated in terms of objective facts and statements of intent are entitled to little weight when in conflict with facts." *Lew*, 797 F.2d at 750 (internal quotations omitted); *Miller v. Greyhound Lines, Inc.*, No. 2:13-cv-05341-ODW, 2013 WL 3899317, at *1 (C.D. Cal. July 29, 2013). The existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed. *Lew*, 797 F.2d at 750.

The Ninth Circuit in *Lew* identified a number of factors to be considered in determining domicile and recognized that no single factor was controlling. *Id.* Among the factors to be considered are current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. *Id.*; *Hossein v. Cantor,* No. 2:23-cv10418-JLS (SSC), 2024 WL 866534, at *2 (C.D. Cal. Feb. 29, 2024) (defendant's residence in California, place of employment in California, and California driver's license all support the fact that he is

domiciled in California; defendant's visits to New Jersey with a "floating intention to return at some future period" are "insufficient to show that he is a citizen of New Jersey").

A person can have only one domicile at a time, and their "old domicile is not lost until a new one is acquired." *Lew*, 797 F.2d at 750. In addition, "courts have created a presumption in favor of an established domicile as against a newly acquired one." *Id.* at 751 (collecting cases) (requiring showing of substantial evidence to establish change in domicile).

Under the established law for determining citizenship for purposes of diversity jurisdiction, Delta cannot establish that jurisdiction is present here. Plaintiffs are citizens of California and Delta does not dispute that fact. Durning is also a California citizen.

Durning physically resided in California prior to his incarceration. Durning claimed California residence at the time of his June 24, 2022 arrest and presented a California driver's license. (Buckwalter Decl. at ¶¶ 8-10, Exh. 4 at 10:14-25, 17:4-24:11 and Exhs. 5-6). His lawyer represented to the court during his pretrial release hearing that Durning resided in California and would reside there prior to trial if released. (*Id.* at ¶ 11, Exh. 7 at 22:1-25:20). Durning used a California address as his permanent residence for Pretrial Services supervision and was ordered to reside at that California address prior to his trial. (*Id.* at ¶ 12, Exh. 8 at 2 and 7).

Tellingly, after Durning was convicted and the court was determining whether to remand him to custody pending sentencing, the court directly inquired as to whether Durning was a California resident. Durning's attorney stated that he was.

"**THE COURT:** Is he a resident of Orlando or a resident of California?

**MR. LASNETSKI:** He is a resident of California, and he's from Orlando with family in Orlando. So he's been staying here with family

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO REMAND ACTION TO STATE COURT

1   for a couple of weeks in preparation for this trial."

2

3   (*Id.* at ¶ 8, Exh. 4 at 229:4-19).

4          Durning made clear his extensive ties to California and his domicile there during

5   his statement at his sentencing hearing. Durning stated that his business activities were

6   located "throughout Southern California." (*Id.* at ¶ 16, Exh. 12 at 39:17 – 40:4). He

7   also stated that he had engaged in extensive counseling and mental health treatment in

8   California while he resided there between his arrest and his trial. (*Id.* at 40:5-12).

9   According to Durning, he also has extensive personal and social ties to California,

10  including a friend with whose extended family he had developed a relationship and

11  participated in family activities. He testified to other California relationships as well.

12  (*Id.* at 41:18 – 42:4). Finally, Durning was an active member of Sacred Heart Catholic

13  Church in Altadena, California, where he developed a relationship with a priest and

14  discussed his plan to be of service to other members when he returned. (*Id.* at 40:17 –

15  41:9). Durning stated that his plans post sentencing were to return to "the work,

16  physical, the spiritual" activities he had previously laid out – all of which were in

17  California. (*Id.* at 43:18-20).

18         Durning's residence and his activities at the time of his arrest and until his

19  incarceration are consistent with the other objective indicia of his citizenship. Prior to

20  his incarceration, he had worked in California since 2015. (*Id.* at ¶ 18, Exh. 10).

21  Durning was a California licensed realtor and had been one since 2021. (*Id.* at ¶ 13,

22  Exh. 9). The address associated with his California realtor license is the same Altadena

23  one he provided to Pretrial Services. (*Id.* at ¶¶ 11-13, 20, Exh. 7 at 22:1-25:20 and Exhs.

24  8-9, and 14). And Durning used the same Altadena, California, address in his Financial

25  Affidavit during the divorce proceedings initiated by his then wife. (*Id.* at ¶ 15, Exh.

26  11).

27         In contrast to the overwhelming evidence that Durning was domiciled in and a

28  citizen of California prior to his incarceration, there is no evidence that he has

9

established a new domicile since he was incarcerated. Indeed, after he was incarcerated, he was transferred from facility to facility until the Bureau of Prisons assigned him to FCI Fort Dix in New Jersey. (Prior Action, Dkt. No. 1-2 at ¶¶ 6-8, Exh. 2). Despite having the burden of establishing jurisdiction, Delta has not submitted any evidence supporting its assertion that Durning is domiciled in and a citizen of Florida. Rather it relies on conclusory allegations. (Second NOR at ¶ 20, Dkt. No. 1). That is insufficient. *See e.g. Mays v. Nurtur, LLC*, No. 2:20-cv-8335-SB (AGR), 2020 WL 6690642, at *3 (C.D. Cal. Nov. 13, 2020) ("A 'bald' assertion of domicile is not proof of domicile"), *citing Gaus*, 980 F.2d at 567; *Silver v. Siegel*, No. 19-cv-5838-PA (PLAx), 2019 WL 6711678, at *2 (C.D. Cal. July 9, 2019), *citing Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963); *Prather v. Public Service Mutual Ins. Co.,* No. 10-cv-06366-SJO (FMOx), 2010 WL 11603049, at *2 (C.D. Cal. Nov. 3, 2010); *Steen v. Am. Nat'l Ins. Co.*, No. 2:20-cv-11226-ODW (SKx), 2022 WL 19915548, at *2 (C.D. Cal. Feb. 9, 2022); *GB Inland Props. LLC v. Villareal*, No. 5:12-cv-01324-SJO (DTBx), 2012 WL 12902485, at *2 (C.D. Cal. Aug. 30, 2012) (defendants cannot meet their burden of establishing removal on diversity grounds by relying on conclusory allegations; defendants must establish complete diversity of citizenship through "competent evidence.").[5]

## 2. Durning's Incarceration Does Not Change His California Citizenship Status.

Durning's incarceration outside California does not change his citizenship. Persons removed involuntarily from their domicile to a new location (*e.g.*, prisoners, or patients hospitalized or incompetent) retain their former domicile and citizenship for purposes of determining diversity jurisdiction. *See Johnson v. Johnson*, 615 Fed. Appx. 430, 431 (9th Cir. 2015); *Buenrostro v. Buenrostro*, No. 2:15-cv-138-JAM-KJN, 2015

---

[5] Because Durning is a California citizen, and this case was originally filed in California state court, removal is also improper under 28 U.S.C. § 1441(b)(2).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO REMAND ACTION TO STATE COURT

WL 1926992, at *1 (E.D. Cal. Apr. 21, 2015), *report and recommendation adopted*, No. 2:15-cv-138-JAM-KJN PS, 2015 WL 12672002 (E.D. Cal. June 8, 2015). Because incarceration is forced re-location, the fact that a person is incarcerated in another state "does little to evince an intent to make it his permanent home," a necessary factor for determining domicile. *Johnson*, 615 Fed. Appx. at 431. In *Johnson,* the Ninth Circuit concluded that for the purpose of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Johnson was domiciled in Oregon because Oregon was his last place of residence before his incarceration and he had not expressed an intent to establish his home anywhere outside Oregon after his release. *Id.* Similarly, in *Buenrostro v. Buenrostro*, 2015 WL 1926992, at *3, the court held that "the fact that plaintiff has a life sentence and is presently incarcerated in Louisiana does not, by itself, mean that the plaintiff has acquired a Louisiana domicile." At the time of his arrest, plaintiff was domiciled in California because he lived, worked, and owned property in California. *Id.* Plaintiff did not have specific family or property ties to Louisiana. Nor did he indicate an intention to make Louisiana his permanent home should he ever be released from custody. Thus, the court found that for diversity jurisdiction purposes, plaintiff's domicile was still in California. *Id.* at *4.

Although there are no published opinions on this issue in the Ninth Circuit, "[f]ederal courts typically presume a prisoner to be a resident of the state he or she formerly resided in prior to the incarceration." *Berg v. Unitus Community Credit Union*, No. 3:14-cv-00135-AC, 2014 WL 4674591, at *7 (D. Or. Sept. 17, 2014) (collecting cases from other circuits) (internal citation omitted). Thus, in light of the overwhelming evidence that Durning was domiciled in and a citizen of California prior to his incarceration and the presumption that a prisoner retains his or her pre-incarceration domicile, there is a lack of complete diversity between all parties.

**B.** <u>**Delta's Second Notice Of Removal Is Improper**</u>

Even if Delta could prove by a preponderance of the evidence that there was complete diversity, and there is not, the second removal is improper and this case should be remanded to state court.

When a district court remands a case for lack of subject matter jurisdiction, "a defendant generally may not remove the case to federal court a second time." *Leon v. Gordon Trucking, Inc.*, 76 F.Supp.3d 1055, 1061–62 (C.D. Cal. 2014) (*quoting Lodi Mem'l Hosp. Ass'n, Inc. v. Blue Cross of Cal.*, No.2:12-cv-01071-WBS (GGH), 2012 WL 3638506, at *3 (E.D. Cal. Aug. 22, 2012)). This is because 28 U.S.C. § 1446(d) bars review of the remand order "on appeal or otherwise." 28 U.S.C. § 1446(d). This bar prohibits a party from removing a case twice based on the same grounds on which the district court previously remanded the action. *See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.,* 837 F.2d 413, 414 (9th Cir. 1988) ("[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction."); *Leon*, 76 F.Supp.3d at 1062; *Allen v. UtiliQuest, LLC*, No. 4:13-cv-04466-SBA, 2014 WL 94337, at *2 (N.D. Cal. Jan. 9, 2014); *Andersen v. Schwan Food Co.*, No. 13-cv-02208-JGB (DTB), 2014 WL 1266785, at *4 (C.D. Cal. Mar. 26, 2014). "[I]t is the grounds discussed in the remand order, rather than the grounds alleged in the notice of removal, that govern whether a successive removal is based on 'new and different' grounds." *Leon*, 76 F.Supp.3d at 1065.

Although this general prohibition on successive removals does not apply in certain limited circumstances, those are not applicable here. For example, the Ninth Circuit has determined that the prohibition against successive removals does not apply when there has been a change in the law. *See Fritsch,* 899 F.3d at 789 ("An intervening change in the law that 'gives rise to a new basis for subject-matter jurisdiction' qualifies as a subsequent event that justifies a successive removal petition.") (internal citations omitted); *Kirkbride v. Continental Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (allowing FDIC's removal petition because it was "based on newly enacted legislation

that gave FDIC different removal rights than its predecessor"). The Ninth Circuit has also found that the bar does not apply in cases involving the Class Action Fairness Act ("CAFA") because "CAFA explicitly allows review of remand orders 'notwithstanding section 1447(d).'" *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014); *see also Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (CAFA jurisdiction permits successive removal).

This case does not involve any of those circumstances. Rather, here Delta is impermissibly attempting to remove this case for a second time on the same grounds as before claiming that certain of Plaintiffs' discovery responses are "new grounds." (Second NOR, Dkt. No. 1 at ¶ 49). That is not the case here. In its prior removal, Delta claimed that diversity jurisdiction existed – *i.e.,* the amount in controversy exceeded the jurisdictional threshold and complete diversity existed between the parties. (First NOR at ¶¶ 12-13, 30, Prior Action, Dkt. No. 1). This Court remanded because Delta failed to establish subject matter jurisdiction as it did not "prove[] by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold." (Remand Order at 2-3, Dkt. No. 1-2 at 67-72). Now Delta is attempting a second bite at the apple for failing properly to substantiate its Prior Removal when given the opportunity to do so by this Court. (Prior Action, Dkt. No. 23). This is impermissible as the "posture" of this case has not "so changed that it is substantially a new case" justifying a successive removal. *Leon*, 76 F.Supp.3d at 1063. "The rule barring successive removal is strict … the defendant must jump the hurdles for successive removal." *Waters v. Kohl's Dep't Stores, Inc.*, No. 28-CV-00328, 2018 WL 1664968, at *5 (C.D. Cal. Apr. 4, 2018).

Moreover, even if the prohibition on successive removals did not apply, Delta's barebones statement that "Durning consents to removal" is insufficient. The Ninth Circuit only allows a defendant to make an averment of consent of another defendant when certain safeguards are in place. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009); *Johnson v. Prologis NA2 U.S., LLC.*, No. 5:22-cv-

01381- JGB, 2022 WL 13800427, at *7 (C.D. Cal. Oct. 20, 2022). Those are the availability of Rule 11 sanctions and that the other co-defendants who purportedly "consented" were served with the removal notice and had an opportunity to object to it. *Proctor*, 584 F.3d at 1225. These two safeguards "mitigate concerns that one defendant might falsely state the other defendants' consent, or that one defendant might game the system by silently allowing another to remove and, if the federal forum proves disadvantageous, belatedly object that he had not consented." *Id.*

Here, although Durning has been properly served with the Complaint, there is no evidence that he has been served with the Second NOR and has had the opportunity to object or correct Delta's counsel statement about "consent." (Dkt. No. 1 at 13-14). Indeed, the Second NOR does not contain any facts or circumstances concerning the purported "consent." Under these circumstances, the statement that "consent" was given is insufficient.

## **CONCLUSION**

For the reasons set forth above, the Motion to Remand should be granted and this case should be returned to the Superior Court of Los Angeles County where it was originally brought.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1**

The undersigned counsel of record for Defendant hereby certifies that this Response contains 4,614 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 2, 2024    Respectfully submitted,

**LEWIS BAACH KAUFMANN MIDDLEMISS PLLC**

By: /s/ Jessica R. Lobis Buckwalter
Jessica R. Lobis Buckwalter (SBN 199200)
Adam Kaufmann*
Jeffrey D. Robinson (*pro hac vice* pending)
Li Jiang (SBN 292940)

*admitted *pro hac vice* in Related Case

**AGNIFILO LAW GROUP, APC**
Karen Agnifilo*

**DE CASTRO LAW GROUP, P.C.**
José-Manuel A. de Castro (SBN 213769)

*Attorneys for Plaintiffs*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO REMAND ACTION TO STATE COURT

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 2, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

<u>/s/ *Jessica R. Lobis Buckwalter*</u>
Jessica R. Lobis Buckwalter

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO REMAND ACTION TO STATE COURT