# EXHIBIT C

# Kathryn Grace

| | |
|---|---|
| **From:** | DURNING BRIAN PATRICK (07785510) |
| **Sent Date:** | Monday, July 22, 2024 9:06 PM |
| **To:** | Kathryn.grace@wilsonelser.com |
| **Subject:** | Delta and Durning |

Ms. Grace,

So, I have been fortunate to find some help on my side of this. There is an inmate here who is well known in the criminal justice community and has a wealth of experience in civil cases involving medical malpractice. Moreover, he was a pilot and is well versed in aviation law.

Anyway, the way I understand it is this. Since there is no attorney-client privilege here and the work product doctrine cannot apply, I will try and explain this without compromising our respective strategies. With that said, I must refrain from signing the declaration supporting removal as it is written. I will support the removal as far as I can, but after a thorough review of the law on this, where the prisoner was domiciled before incarceration is the presumptive domicile for removal/diversity purposes. Because I was in fact domiciled in the State of California at the time of my trial and surrender into federal prison, I cannot make the claim that I am in fact a citizen of Florida. I do know that this presumption is rebuttable and perhaps I may have a case to show that my new domicile is in fact Florida for the purposes of this case. It is indeed my full intention of residing with my mother in Florida upon my release. Of course, I have significant contacts in Florida as my mother resides there. I have lost my California real estate license because of the instant allegations and criminal trial. Thus, I have less connection to the state of California than I do to the state of Florida. I would be willing to draft a comprehensive declaration to that effect and even draft my own memorandum of law in support of removal based on diversity. Please let me know if that would be sufficient for your client's purposes. I am sure it will.

I also wanted to discuss an issue of significant importance because I think we have a basis to (i) claim federal jurisdiction because the event occurred in the special aircraft jurisdiction of the United States and (ii) the events alleged, even taking all the averments as true, occurred after the aircraft door was closed and the plane was in flight. As for the federal jurisdiction stuff, I am certain that the 9/11 cases support that aircraft torts should be in federal court as a matter of common sense.

With regard to the territorial issue. Anyone who has ever departed LAX knows that it takes roughly 20-30 minutes for a large aircraft to clear California airspace and enter either Arizona or Nevada. This would lead me to believe that there is a strong case for dismissal because there is no tort within the territorial limits of California. Based on the trial testimony provided in the criminal case, the event in question took place roughly 90 minutes following take off from LAX to ORL. That would put the events in question somewhere over New Mexico or Texas assuming a GPS direct flight path was elected by the flight crew. I am sure your client can confirm the flight path.

The interesting aspect of this case is the trial record that is already transcribed and available. It is a rare day for any of us in law to have a sworn testimony to rely on and that sworn testimony makes the plaintiff's case relatively tepid. The testimony on damages to the victim notwithstanding, we have affirmative testimony from the plaintiff and mother acknowledging that I entered the plane with full faculties and thus nobody would have been concerned that I was inebriated. More interesting is the mother's own conduct during the flight. Before we took off, she herself traded seats with her daughter and placed her daughter next to me immediately prior to the hatch being sealed. A reasonable parent, assuming that such parent witnessed an inebriated man enter a confined space, would not sit idly by and direct their child to sit next to such man regardless of the later outcomes. It just makes no sense.

I do not see a punitives case against Delta, and my own personal account that I am willing to provide in full deposition will confirm all of this. If you would like me to execute a declaration in the mean time about my version of events, I would be happy to. With the trial testimony from the alleged victim and the family we can keep the light shining bright on this.

I will be drafting my declaration in support of removal and a brief in support over the next several days. Please let me know if there is anything else I can do at this time. I am committed to joining Delta's defense in a unified front

# Kathryn Grace

in as much way as possible. Accordingly, I also would like to propose that we do a joint motion to dismiss based on the territorial jurisdiction issue of the events not occurring in California. I don't have it off the top of my head, but there are some cases out there that have faced similar situations.

Please don't hesitate to contact me. If you would like to speak to the guy helping me at all, he is willing to also add you to his corrlinks. Just let me know.

Regards,

Brian Durning