# EXHIBIT N

Brian Patrick Durning
Inmate Reg. No. 07785-510
Federal Correctional Institution
Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

Defendant Pro Se



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.B., a minor, and J.B., a minor, by their guardian, S.S., and S.S., an individual<br><br>Plaintiffs;<br><br>v.<br><br>DELTA AIRLINES, INC., BRIAN PATRICK DURNING, and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No.<br><br>DEFENDANT BRIAN PATRICK DURNING'S VERIFIED ANSWER TO PLAINTIFFS' COMPLAINT<br><br>*JURY TRIAL DEMANDED* |

Defendant Pro Se, Brian Patrick Durning (hereinafter "Defendant Durning" or "Mr. Durning"), hereby answers Plaintiff's Complaint as follows.

## PREAMBLE

This case stems from events that occurred in the special aircraft jurisdiction of the United States of America, during a flight tha departed from Los Angeles International Airport ("LAX") on or about June 23, 2022 at about 2350 (11:30 pm) hours Pacific Tim and arrived at Orlando International Airport ("MCO") on or about June 24, 2022 at about 0730 Eastern Time or roughly five-hours later. Other than the boarding of the airplane at LAX on June 23, 2022, none of the events alleged against Mr. Durning took place within the County of Los Angeles or the State of California. Therefore, Mr. Durning is not liable to Plaintiff for any California torts and this Court does not have jurisdiction to hear this case. Mr. Durning also expressly DENIES that he assaulted, battered, or sexually assaulted Plaintiff Z.B. or that he intended to inflict emotional distress on Plaintiff's J.B. and S.S

## PRELIMINARY STATEMENT

1. Mr. Durning ADMITS that Plaintiffs Z.B., J.B., and S.S. were passengers on an overnight Delta Flight, Number 2954, traveling from Los Angeles, California to Orlando Florida on or about June 23, 2022 and June 24, 2022. Mr. Durning further ADMITS that he was seated in Row 12, Seat D, placing him in the seat next to Plaintiff Z.B. He finally ADMITS that he was served two alcoholic beverages during the beverage service of the flight that occurred following take-off and reaching a safe cruising altitude. Mr. Durning expressly DENIES that (i) he was visibly intoxicated when boarding the plane, (ii) that he sexually assaulted a minor child, and (iii) that he "taunted and harrassed" the Plaintiffs. All other allegations contained in Paragraph "1" are DENIED.

2. Mr. Durning ADMITS that he was a passenger on board Flight 2954 traveling from LAX to MCO on or about June 23, 202 and June 24, 2022. Mr. Durning DENIES the allegation that he "continued to taunt and harrass" the Plaintiff's. Regarding the allegation that the flight was operated by Delta Airlines, Inc., Mr. Durning will allow the record to speak for itself. Finally, Mr. Durning lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore DENIES them. With regard to the allegation that Delta Airlines is a common carrier, Mr. Durning refrains from answering as it is a legal conclusion where no response is required.

3. Mr. Durning ADMITS that he was seated in Row 12, Seat D, and that Plaintiff Z.B. was seated immediately next to him in Row 12, Seat E. However, Mr. Durning takes this opportunity to CLARIFY that Plaintiff S.S. was the original occupant of the seat and Plaintiff S.S. moved to Row 10. Regarding the allegations for Plaintiffs Z.B. and J.B.'s ages and their purported diagnoses or disabilities, Mr. Durning lacks knowledge and information sufficient to form a belief as to their truth and therefore DENIES them.

4. Defendant Durning ADMITS that the cabin lights were dimmed for most of the flight and that his "trousers were unzipped" but takes this opportunity to CLARIFY that his trousers were secured and fastened around his waist and that the the "unzipped" portion was completely unintentional. Mr. Durning lacks knowledge and information sufficient to form a belief as to the truth of the allegation that "most of the passengers were sleeping" and therefore DENIES it. All other allegations contained in paragraph "4" are DENIED.

5. Defendant Durning ADMITS that (i) a flight attendant requested that he move to a different seat, (ii) that he complied with that request and moved to Seat 10A, (iii) that "Delta" did not physically restrain him, (iv) that he retrieved his carryon luggage from the overhead bins over Row 12 upon arrival at MCO, and (v) that he stood at the gate after deplaning because law enforcement officers instructed him to stand there. Defendant Durning ADMITS that he was "free to ... roam about the cabin for the rest of the flight" but DENIES that he did in fact "roam about the cabin for the rest of the flight." He does, however, CLARIFY that he did utilize the lavatory twice after his seat was changed but immediately returned to his seat following such uses. All other allegations contained in paragraph "5" are DENIED.

6. Defendant Durning DENIES all allegations contained in paragraph "6."

7. Defendant Durning lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained

in paragraph "7" and therefore DENIES them.

8. Defendant Durning lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" and therefore DENIES them.

9. Defendant Durning lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "9."

10. Defendant Durning lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" and therefore DENIES them.

11. Defendant Durning ADMITS that he was a passenger on Flight 2954 on or about June 23, 2022 and June 24, 2022 that travelled from LAX to MCO. Defendant Durning DENIES that he is a current resident of Los Angeles County, California and CLARIFIES at the time the lawsuit was served upon him, Mr. Durning was in fact a resident of Burlington County, New Jersey as he is incarcerated at the Federal Correctional Institution at Joint Base MDL. He further CLARIFIES that upon his conviction in a Florida federal court, Mr. Durning had intended, and still intends, to relocate to the Middle District of Florida where his mother lives.

12. Defendant Durning lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" and therefore DENIES them.

13. Defendant Durning lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" and therefore DENIES them.

14. The allegation in paragraph "14" is a legal conclusion for which no response is required. Insofar as the allegation can be read as a statement of fact, it is DENIED.

15. The allegation in paragraph "15" is a legal conclusion for which no response is required. However, Mr. Durning DENIES that he is a current resident, or that he was a resident at the time the suit was initiated, of the State of California.

16. The allegation in paragraph "16" is a legal conclusion for which no response is required. Insofar as the allegation can be read as a statement of fact, Mr. Durning lacks knowledge and information sufficient to form a belief as to the truth of the allegation and therefore DENIES it.

17. The allegation in paragraph "17" is a legal conclusion for which no response is required. However, Mr. Durning DENIES as a factual matter that "some or all of the violations of law" alleged against him "occurred in the County of Los Angeles" and indeed did not occur within the territorial borders of the State of California.

## FACTUAL ALLEGATIONS

18. Defendant Durning ADMITS that Plaintiffs Z.B., J.B., and S.S. were passengers on Flight 2954. However, Mr. Durning lacks knowledge and information sufficient to form a belief as to the truth of the other allegations contained in paragraph "18" and therefore DENIES them.

19. Defendant Durning lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" and therefore DENIES them.

20. Defendant Durning ADMITS that Plaintiff Z.B. sat in the middle seat of Row 12 and the he was a "stranger" to Plaintiff Z.B. and that Plaintiffs J.B. and S.S. sat in Row 10. Defendant Durning CLARIFIES that Plaintiff S.S. was the original occupant of the seat and changed seats, without crewmember authorization, before the plane left the gate.

21. Defendant Durning DENIES the allegations contained in paragraph "21."

22. Defendant Durning ADMITS that he was served alcohol "during the initial hours of the flight," to wit: two cans of wine. He further ADMITS that the cabin lights were dimmed throughout the airplane following the beverage and food service. Mr. Durning DENIES that "Delta repeatedly" served him alcohol insofar as the allegation could be read to equate to more than the two cans of wine he was served.

23. Defendant Durning DENIES the each of the allegations contained paragraph 23 including those alleged in subparagraphs

"(a)" through "(g)."

24. Defendant Durning lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" and therefore DENIES them.

25. Defendant Durning ADMITS that at roughly one and one-half hours after the flight departed from LAX the passenger in Seat 12F switched seats with Plaintiff Z.B. Defendant Durning will STIPULATE to Delta's admissions that the passenger in Se 12F "alerted a flight attendant" (but lacks personal knowledge to that fact), that the flight attendants were employees of Delta, and that flight attendants respond to in flight emergencies. Defendant Durning lacks knowledge or information sufficient to forn a belief as to the truth of the remaining allegations contained in paragraph "25" and therefore DENIES them.

26. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained i paragraph "26." Defendant Durning will STIPULATE to Delta's admission that the passenger in seat 12F "reported that Durnin touched her" but CLARIFIES that he lacks personal knowledge as to that fact.

27. Defendant Durning DENIES the allegations contained in paragraph "27." Defendant Durning STIPULATES only that "the female passenger reported that Durning touched her."

28. Defendant Durning ADMITS that a flight attendant requested he move to a different seat, which was located in Row 10, which he complied with. He further ADMITS that his trouser zipper was down, but DENIES that he "pulled [it] all the way down" and further CLARIFIES that despite the functionality of the zipper, his trousers were secured around his waist. Defendant Durning DENIES that he sexually assaulted Z.B. Defendant Durning further DENIES all other allegations contained in paragraph "28."

29. Defendant Durning ADMITS that he was physically able to move "freely about the cabin" following his move to another seat. Mr. Durning DENIES all other allegations contained in paragraph "29."

30. Defendant Durning ADMITS that he "touched" a male passenger after he was moved but DENIES that he harrassed that passenger, or touched him "inappropriately." Defendant Durning DENIES all other allegations contained in paragraph "30."

31. Defendant Durning lacks knowledge and information sufficient to form a belief as to the truth of the allegations against Delta and therefore DENIES them. Defendant Durning DENIES that he was disruptive or that he engaged in "harrassing conduct." Defendant Durning ADMITS that he was not physically restrained by anyone during the flight.

32. Defendant Durning ADMITS that he was not physically restrained by any flight attendants or any other actor on board the aircraft. Defendant Durning ADMITS that he retrieved his carryon luggage from the overhead bin over Row 12, where he was originally seated. Defendant Durning ADMITS that he was not "escorted" off the plane by anyone. Defendant Durning DENIES that he harrassed Plaintiffs "by leaning his body over them repeatedly in the direction of Plaintiff Z.B."

33. Defendant Durning ADMITS that he "stopped" outside the jetway because he was ordered to by law enforcement personnel that were present at the gate. Defendant Durning DENIES that he waited at the gate for the purpose of harrassing Plaintiff Z.B. and further DENIES that he "grabbed his groin while looking directly at her" and DENIES that he "threw his phone to the ground and shouted as the Plaintiffs exited the jet bridge."

34. Defendant Durning ADMITS that he was arrested by law enforcement personnel at MCO and further ADMITS that he was convicted of a single count of assault resulting in serious bodily injury of a minor in violation of 18 U.S.C. 113(a)(7) in the United States District Court for the Middle District of Florida. The conviction is presently being appealed to the Eleventh Circuit Court of Appeals. Notably, Mr. Durning was not convicted of any sexual offense against anyone despite being charged with that as well.

35. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained i paragraph "35" and therefore DENIES them.

36. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained i paragraph "36" and therefore DENIES them.

37. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained ii paragraph "37" and therefore DENIES them.

38. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained ii paragraph "38" and therefore DENIES them.

## FIRST CAUSE OF ACTION
## IIED AGAINST DELTA AND DOES

39. Defendant Durning restates and incorporates by reference all defenses, denials, and assertions contained in paragraphs 1 through 38 above as if set forth fully herein.

40. Defendant Durning asserts that the averments contained in paragraph "40" constitute legal conclusions for which no response is required. To the extent that a response is required, Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "40" and therefore DENIES them. To the extent the averments are read as allegations against Defendant Durning, he expressly DENIES them.

41. Defendant Durning asserts that the averments contained in paragraph "41" constitute legal conclusions for which no response is required. To the extent that a response is required, Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph "41" and therefore DENIES them. To the extent the averments are read as allegations against Defendant Durning, he expressly DENIES them.

42. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" and therefore DENIES them. To the extent the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

43. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" and therefore DENIES them. To the extent the allegations contained in the subparagraphs contained in paragraph "43" are read as allegations against Defendant Durning, he answers as follows:

    a. Defendant Durning DENIES that he was intoxicated when he boarded the flight.
    b. Defendant Durning DENIES that he was intoxicated when he took his seat on board the aircraft.
    c. Defendant Durning ADMITS that he was served two cans of wine during the beginning stages of the flight but DENIES that he was intoxicated at the time of service.
    d. Defendant Durning ADMITS that nobody physically restrained him and that he was physically able to "roam free" in the cabin of the aircraft but DENIES that there was any reason to physically restrain him or otherwise contain his movements on board the aircraft.
    e. Defendant Durning ADMITS that nobody physically restrained him and that he was physically able to "roam free" in the cabin of the aircraft but DENIES that there was any reason to physically restrain him or otherwise contain his movements on board the aircraft.
    f. Defendant Durning ADMITS that nobody physically restrained him and that he was physically able to "roam free" in the cabin of the aircraft but DENIES that there was any reason to physically restrain him or otherwise contain his movements on board the aircraft.
    g. Defendant Durning ADMITS that he was not escorted by any crewmember of the aircraft off the aircraft and was otherwise permitted to disembark in accordance with the standard procedures for disembarkment of aircraft in the United States of America. Defendant Durning CLARIFIES that law enforcement personnel were waiting at the terminal gate connected to the aircraft and immediately detained him for questioning.

44. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" and therefore DENIES them. To the extent the allegations are read as allegations against against Defendant Durning, he expressly DENIES them.

45. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" and therefore DENIES them. To the extent the allegations are read as allegations against Defendant Durning, including that his "conduct" was "outrageous," he expressly DENIES them.

46. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" and therefore DENIES them. To the extent the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

47. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" and therefore DENIES them. To the extent the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

## SECOND CAUSE OF ACTION
## GROSS NEGLIGENCE AGAINST DELTA AND DOES

48. Defendant Durning restates and incorporates by reference all defense, denials, and assertions made in paragraphs 1 through 47 above as if set forth fully herein.

49. Defendant Durning asserts that the averments contained in paragraph "49" constitute legal conclusions for which no response is required. To the extent that a response is required, Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the averments and therefore DENIES them. To the extent the averments are read as allegations against Defendant Durning, he expressly DENIES them.

50. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" and therefore DENIES them. To the extent the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

51. Defendant Durning will allow the referenced documents that are referenced in paragraph "51" to speak for themselves and are the best evidence of their contents, and therefore asserts that no response is required regarding these evidentiary materials. To the extent that the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

52. Defendant Durning will allow the referenced documents that are referenced in paragraph "52" to speak for themselves and are the best evidence of their contents, and therefore asserts that no response is required regarding these evidentiary materials. To the extent that the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

53. Defendant Durning will allow the referenced documents that are referenced in paragraph "53" to speak for themselves and are the best evidence of their contents, and therefore asserts that no response is required regarding these evidentiary materials. To the extent that the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

54. Defendant Durning will allow the referenced documents that are referenced in paragraph "54" to speak for themselves and are the best evidence of their contents, and therefore asserts that no response is required regarding these evidenitary materials. To the extent that the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

55. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" and therefore DENIES them. To the extent that allegations contained in subparagraphs "a" through "c" are read as allegations against Defendant Durning, he answers as follows:

    a. Defendant Durning DENIES that he was intoxicated when he boarded the flight.
    b. Defendant Durning DENIES that he was intoxicated when he took his seat on board the aircraft.
    c. Defendant Durning ADMITS that he was served two cans of wine during the initial hours of the flight but DENIES that he was intoxicated when he was served those drinks.

56. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" and therefore DENIES them. To the extent the allegations contained in subparagraphs "a" through "g" are read

as allegations against Defendant Durning, he answers as follows:

    a. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparagraph "a" and therefore DENIES them.
    b. Defendant Durning DENIES that he was intoxicated when he boarded the flight.
    c. Defendant Durning DENIES that he was intoxicated when he took his seat on board the aircraft.
    d. Defendant Durning ADMITS that he was served two cans of wine during the initial hours of the flight but DENIES that he was intoxicated when he was served those drinks.
    e. Defendant Durning DENIES that he assaulted Plaintiff Z.B.
    f. Defendant Durning DENIES that he harrassed other passengers on board the aircraft.
    g. Defendant Durning DENIES that he harrassed Plaintiffs Z.B., J.B, and S.S.

57. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" and therefore DENIES them. To the extent that the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

58. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" and therefore DENIES them. To the extent that the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

59. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" and therefore DENIES them. To the extent that the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

60. Defendant Durning DENIES all allegations contained in paragraph "60."

61. Defendant Durning DENIES all allegations contained paragraph "61."

62. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" and therefore DENIES them. To the extent that the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

## THIRD CAUSE OF ACTION
## NEGLIGENCE AGAINST DELTA AND DOES

63. Defendant Durning restates and incorporates by reference all defenses, denials, and assertions contained in paragraphs 1-62 above as if set forth fully herein.

64. Defendant Durning asserts that the averments contained in paragraph "64" constitute legal conclusions for which no answer is required. To the extent that an answer is required, Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the averments and therefore DENIES them. To the extent that the averments are read as allegations against Defendant Durning, he expressly DENIES them.

65. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65" and therefore DENIES them. To the extent that the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

66. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "66" and therefore DENIES them. To the extent that the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

67. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" and therefore DENIES them. To the extent that the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

68. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "68" and therefore DENIES them. To the extent that the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

### FOURTH CAUSE OF ACTION
### NIED AGAINST DELTA AND DOES

69. Defendant Durning restates and incorporates by reference all defenses, denials, and assertions contained in paragraphs 1-68 above as if expressly set forth herein.

70. Defendant Durning asserts that the averments contained in paragraph "70" constitute legal conclusions for which no answer is required. To the extent that an answer is required, Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore DENIES them. To the extent that the averments are read as allegations against Defendant Durning, he expressly DENIES them.

71. Defendant Durning DENIES the allegations contained in paragraph "71."

72. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "72" and therefore DENIES them. To the extent that the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

73. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "73" and therefore DENIES them. To the extent that subparagraphs "a" through "d" are read as allegations against Defendant Durning, he answers as follows:

   a. Defendant Durning DENIES that he was intoxicated when he boarded the flight.
   b. Defendant Durning DENIES that he harrassed Plaintiffs Z.B., J.B., or S.S.
   c. Defendant Durning DENIES that he sexually assaulted Plaintiff Z.B.
   d. Defendant Durning ADMITS that he was "unrestrained" during the flight, but DENIES that he was intoxicated or harmed Plaintiffs or "other passengers."

74. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" and therefore DENIES them. To the extent the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

75. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "75" and therefore DENIES them. To the extent the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

76. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "76" and therefore DENIES them. To the extent the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

77. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "77" and therefore DENIES them. To the extent the allegation are read as allegations against Durning, he expressly DENIES them.

### FIFTH CAUSE OF ACTION
### BUSINESS AND PROFESSIONS CODE VIOLATION AGAINST DELTA

78. Defendant Durning restates and incorporates by reference all defenses, denials, and assertions contained in paragraphs 1-77 above as if set forth fully herein.

79. Defendant Durning asserts that the averments contained in paragraph "79" constitute legal conclusions for which no answer is required. To the extent an answer is required, Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore DENIES them. To the extent the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

80. Defendant Durning asserts that the averments contained in paragraph "80" constitute legal conclusions for which no answer is required. To the extent an answer is required, Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore DENIES them. To the extent the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

81. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore DENIES them. To the extent the allegations are read as allegations against Defendant Durning, he expressly DENIES them except to ADMIT that he: was served two cans of wine during the flight, was not restrained by anyone, and retrieved his carryon luggage.

82. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore DENIES them. To the extent the allegations are read as allegations against Defendant Durning, he expressly DENIES them.

### SIXTH CAUSE OF ACTION
### COMMON LAW ASSAULT AGAINST DURNING

83. Defendant Durning restates and incorporates by reference all defenses, denials, and assertions contained in paragraphs 1-82 above as if set forth fully herein.

84. Defendant Durning ADMITS that he unintentionally "touched" Plaintiff Z.B's leg while he was sleeping, but DENIES that he had intent to cause harmful or offensive contact with Plaintiff Z.B. and further DENIES that he touched her "upper thigh," "vaginal area," or "breasts."

85. Defendant Durning lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff Z.B. reasonably believed that she was about to be touched in a harmful offensive manner" and therefore DENIES that allegation. With regard to the allegations that Defendant Durning "call[ed] her 'honey boo,' and t[old] her that he would take her to Texas and that she would never see her family again," and that there were "prior instance[s] of harmful or offensive contact," Defendant Durning DENIES those allegations.

86. Defendant Durning DENIES the allegation contained in paragraph "86."

87. Defendant Durning DENIES the allegations contained in paragraph "87."

### SEVENTH CAUSE OF ACTION
### CALIFORNIA SEXUAL BATTERY AGAINST DURNING

88. Defendant Durning restates and incorporates by reference all defenses, denials, and assertions contained in paragraphs 1-87 above as if set forth fully herein.

89. Defendant Durning DENIES the allegations contained in paragraph "89."

90. Defendant Durning DENIES the allegations contained in paragraph "90."

91. Defendant Durning DENIES the allegations contained in paragraph "91."

92. Defendant Durning DENIES the allegations contained in paragraph "92."

93. Defendant Durning DENIES the allegations contained in paragraph "93."

### EIGHTH CAUSE OF ACTION
### COMMON LAW BATTERY AGAINST DURNING

94. Defendant Durning restates and incorporates by reference all defenses, denials, and assertions contained in paragraph 1-93 above as if set forth fully herein.

95. Defendant Durning ADMITS that he inadvertently and unintentionally "touched" Plaintiff Z.B.'s leg while he was asleep on board the aircraft but DENIES that he "touched" her "groin, vaginal area, and breasts."

96. Defendant Durning DENIES the allegations contained in paragraph "96."

97. Defendant Durning ADMITS that Plaintiff Z.B. did not consent to his "touching" of her leg while he was asleep, but DENIES that he touched her "groin, vaginal area, and breasts" and therefore DENIES the allegation to the extent it applies to those alleged touchings.

98. Defendant Durning DENIES the allegations contained in paragraph "98."

99. Defendant Durning DENIES the allegations contained in paragraph "99."

100. Defendant Durning DENIES the allegations contained in paragraph "100."

## NINTH CAUSE OF ACTION
## IIED AGAINST DURNING

101. Defendant Durning restates and incorporates by reference all defenses, denials, and assertions contained in paragraphs 1-100 above as if set forth fully herein.

102. Defendant Durning DENIES the allegations contained in paragraph "102."

103. Defendant Durning DENIES the allegations contained in paragraph "103."

104. Defendant Durning DENIES the allegations contained in paragraph "104."

105. Defendant Durning DENIES the allegations contained in paragraph "105."

106. Defendant Durning DENIES the allegations contained in paragraph "106."

## PRAYER FOR RELIEF

107. Defendant Durning restates and incorporates by reference all defenses, denials, and assertions contained in paragraphs 1-106 above as if set forth fully herein.

108. The allegations contained in paragraphs "1" through "7" of Plaintiffs' Prayer for Relief and "Wherefore" clause contain legal conclusions and characterizations of the relief Plaintiffs seek in this action to which no response is required. However, to the extent that a response is required, Defendant Durning DENIES them.

## DURNING'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

109. Defendant Durning asserts that Plaintiffs' claims are barred under the doctrines of res judicata or collateral estoppel.

## SECOND AFFIRMATIVE DEFENSE

110. Defendant Durning asserts that Plaintiffs' claims are barred under the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

111. Defendant Durning asserts that this Court lacks subject matter jurisdiction over this action because all of the torts and injuries alleged in the Complaint occurred outside the territorial borders of the State of California.

## FOURTH AFFIRMATIVE DEFENSE

112. Defendant Durning asserts that the Superior Court of California, Los Angeles County, is an improper venue because all the alleged torts and injuries occurred outside of the County of Los Angeles, and indeed occurred outside of the territorial borders of the State of California.

### FIFTH AFFIRMATIVE DEFENSE

113. Defendant Durning asserts that Plaintiffs' claims are barred, in whole or in part, as Plaintiffs' alleged injuries and damages may have been actually or proximately caused, in whole or in part, by the intervening or superseding actions of a third party or event over which Defendant Durning is not responsible.

### SIXTH AFFIRMATIVE DEFENSE

114. Defendant Durning asserts that Plaintiffs' Complaint fails to state any claim against him upon which relief can be granted

### SEVENTH AFFIRMATIVE DEFENSE

115. Defendant Durning asserts that Plaintiffs' claims, in whole or in part, are preempted by federal law including, but not limited to, "The Montreal Agreement," The Federal Aviation Act, and other federal laws.

### EIGHTH AFFIRMATIVE DEFENSE

116. Defendant Durning asserts that Plaintiffs failed to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

117. Defendant Durning asserts that Plaintiffs have waived their claims by prior action or conduct including, by way of example, failing to assert the same or similar amount of actual compensatory damages during restitution proceeding.

### TENTH AFFIRMATIVE DEFENSE

118. Defendant Durning asserts that the law of the State of California cannot apply to the claims as alleged and the law that must be applied is the law of the State or Territory wherein the torts and injuries arose

### ELEVENTH AFFIRMATIVE DEFENSE

119. Defendant Durning asserts that Plaintiffs and their attorneys have violated the Doctrine of Unclean Hands (also known a the Doctrine of Clean Hands) by severely exaggerating the incident that actually occurred, which consisted of a momentary, unconscious, and unintentional touch while Defendant Durning was sleeping. Plaintiffs exaggerations are made in bad faith in that Plaintiffs' trial testimony, police reports, and other evidence gathered throughout the course of the criminal proceedings tha occurred in the Middle District of Florida establish that Plaintiffs are grotesquely exaggerating the incident and show a gross inconsistency in their version of events. The allegations in the Complaint, as phrased, go well beyond advocacy and enter the realm of fraud upon the Court. Such litigation conduct violates the Doctrine of Unclean hands and to allow this suit to proceed would reward dishonest behavior and even have a chilling effect on air travel throughout the United States of America.

### TWELFTH AFFIRMATIVE DEFENSE

120. The Plaintiffs claims are barred, in whole or in part, by the Statute of Limitations under Arizona Revised Statutes Section 12-542 as the alleged torts and injuries all occurred within the territorial jurisdiction of the State of Arizona.

### THIRTEENTH AFFIRMATIVE DEFENSE

121. Defendant Durning asserts that he is not liable for any errors, omissions, negligence, or intentional conduct of Delta or its employees.

### FOURTEENTH AFFIRMATIVE DEFENSE

121. Defendant Durning asserts that his voluntary intoxication involving taking Ambien and drinking two cans of wine during the flight rendered it impossible for him to form the requisite intent to commit a tort or cause harm in relation to any intentional torts where intent is an element as alleged in the complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

122. Defendant Durning asserts that his intoxication on board the aircraft after voluntarily taking Ambien and drinking two cans of wine constitutes involuntary intoxication because he was unaware, and no warnings were issued or otherwise displayed, that conciousness altering substances such as Ambien and wine have greater intoxicating effect at aircraft cabin pressure cruising altitude than on the ground and therefore was unable to form the intent required to commit intentional torts such as sexual battery.

### SIXTEENTH AFFIRMATIVE DEFENSE

123. Defendant Durning hereby gives notice that he intends to rely on additional defenses that become apparent or available throughout the course of litigation and hereby reserves the right to assert such defenses at a later date.

### DEMAND FOR A JURY TRIAL

123. Defendant Durning hereby DEMANDS a trial by jury on all factual issues in contention and on the issue of damages, if any.

### PRAYER

WHEREFORE, Defendant Durning, pro se, respectfully requests this Court dismiss Plaintiffs' Complaint with prejudice, award him all costs, and for such other relief as the Court deems just and proper under the circumstances.

### VERIFICATION

Under the authority of 28 U.S.C. 1746 and because he is incarcerated in a Federal Correctional Institution an unable to secure

a notary public at this time, Brian Patrick Durning hereby declares, deposes, states, or swears, under the pain and penalties of perjury, that the factual matters contained in this Answer to the Plaintiffs' Complaint are true and correct to his best efforts, recollection and knowledge.

EXECUTED ON: _____8/9_____, 2024

BY: _____

Brian Patrick Durning, Defendant Pro Se

## PROOF OF SERVICE

I, the undersigned, am over the age of 18 years and not a party to the within action. My personal address is P.O. Box 2000, Joint Base MDL, NJ 08640.

On _____8/9_____, 2024, I caused to be served the following document(s) as follows:

1. Defendant Durning's Answer to Plaintiff's Complaint

by depositing, in the federal institution's internal mailing system for delivery to the United States Post Office, an envelope addressed to counsel of record for each of the parties, with sufficient postage prepaid, and addressed as follows:

ATTORNEYS FOR PLAINTIFFS

Lewis Baach Khaufmann Middlemiss PLLC
Jessica R. Lobis Buckwalter
1050 K Street, NW, Suite 400
Washington, DC 20001

Agnifilo Law Group, APC
Karen Agnifilo
256 5th Ave.
New York, NY 10001

De Castro Law Group, P.C.
Jose-Manuel A. de Castro
7590 N. Glenoaks Blvd., Suite 201
Los Angeles, CA 91504

ATTORNEYS FOR DELTA

Kathryn A. Grace
Nicole T. Melvani
8444 Westpark Drive, Suite 510
McLean, VA 22102-5102

Dated: _____8/9/24_____

By: _____

Erik Khan
Inmate Reg. No. 66770-051
Federal Correctional Institution
Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640