**LEWIS BAACH KAUFMANN MIDDLEMISS PLLC**
Jessica R. Lobis Buckwalter (SBN 199200)
    *Jessica.Buckwalter@lbkmlaw.com*
Jeffrey D. Robinson (admitted *pro hac vice*)
    *Jeffrey.Robinson@lbkmlaw.com*
1050 K St., NW, Suite 400
Washington, DC 20001
Telephone: (202) 833-8900; Facsimile: (202) 466-5738

Adam Kaufmann*
    *Adam.Kaufmann@lbkmlaw.com*
Li Jiang (SBN 292940)
    *Li.Jiang@lbkmlaw.com*
10 Grand Central, 155 East 44th St., 25th Fl.
New York, NY 10017
Telephone: (212) 826-7001; Facsimile: (202) 826-7146

**AGNIFILO LAW GROUP, APC**
Karen Agnifilo*
    *karen@agnifilolaw.com*
256 5th Avenue, New York, NY 10001
Telephone: (646) 596-2919

*admitted *pro hac vice* in Related Case

**DE CASTRO LAW GROUP, P.C.**
José-Manuel A. de Castro (SBN 213769)
    *jmdecastro@decastrolawgroup.com*
7590 N. Glenoaks Blvd., Suite 201
Los Angeles, CA 91504
Telephone: (310) 270-9877; Facsimile: (310) 341-2330

*Attorneys for Plaintiffs*

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Kathryn A. Grace
    *Kathryn.Grace@wilsonelser.com*
Nicole T. Melvani (SBN 281718)
    *Nicole.Melvani@wilsonelser.com*
8444 Westpark Drive, Suite 510
McLean, VA 22102
Telephone: (703) 245-9300; Facsimile: (703) 245-9301

Gregory K. Lee (SBN 220354)
    *Gregory.Lee@wilsonelser.com*
555 S. Flower Street, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 443-5100; Facsimile: (213) 443-5101

*Attorneys for Defendant Delta Air Lines, Inc.*

1

JOINT RULE 26(F) REPORT

301437557v.1

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.B., a minor, and J.B., a minor, by their guardian, S.S., and S.S., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DELTA AIR LINES, INC.; BRIAN PATRICK DURNING; and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No. 2:24-cv-06190 FLA (DFMx)<br><br>[Removal from Los Angeles County Superior Court Case No. 24TRCV00333]<br><br>Related Case: 2:24-cv-02178 FLA (DFMx)<br><br>**JOINT RULE 26(F) REPORT**<br><br>Date: September 13, 2024<br>Time: 1:30<br>Courtroom 6B<br>Complaint filed: January 30, 2024 |

Plaintiffs Z.B., a minor, and J.B., a minor, by their guardian, S.S., and S.S., an individual ("Plaintiffs") and Defendant Delta Air Lines, Inc. ("Defendant" or "Delta"), by and through their undersigned counsel of record (together the "Parties"), jointly submit the following Report From Conference of Counsel Pursuant to FRCP 26(f).

The Parties advise the Court that Defendant Brian Patrick Durning did not participate in the conference and is not submitting this report. Defendant Durning is incarcerated in the Federal Correctional Institution at Fort Dix, New Jersey and is appearing *pro se* in this action. Defendant Durning did not appear in this action until his Answer was filed on August 19, 2024 (Dkt. #25) and the Parties received notice of that filing on August 23, 2024. Accordingly, the Parties were unable to include Defendant Durning in the conference and comply with the deadlines required by the Court's August 16, 2024 Order setting the Scheduling Conference. (Dkt. #24).

On August 22, 2024, Defendant Durning served a Motion to Vacate and Reschedule the Scheduling Conference by mail on the Parties. In the Motion, Durning requests the Scheduling Conference be vacated and rescheduled in light of his inability to participate in a Rule 26(f) planning conference with Plaintiffs and to attend the Scheduling Conference without an order from the Court. The Motion does not appear

2

301437557v.1

1    to have been docketed by this Court yet.

2           This Report is made pursuant to Rule 26(f) of the Federal Rules of Civil

3    Procedure, Rule 26-1 of the Local Civil Rules of this Court, and the Court's August 5,

4    2024 Order Setting Scheduling Conference (Dkt. #17). This Report is made in

5    connection with the scheduling conference currently scheduled for September 13, 2024,

6    at 1:30 p.m. in this action.

7           Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the

8    Parties conferred on August 26, 2024 regarding case management and other required

9    items. Jessica R. Lobis Buckwalter and Jeffrey D. Robinson participated in the

10   conference on behalf of Plaintiffs. Kathryn A. Grace and Nicole T. Melvani participated

11   on behalf of Delta.

12          The Parties submit their views and proposals as follows:

13   **A.      STATEMENT OF THE CASE**

14           **Plaintiffs' Statement of the Case**

15           Plaintiffs allege that this matter arises out of the sexual assault of a thirteen-year-

16   old child during an overnight Delta flight from Los Angeles, California, to Orlando,

17   Florida. They claim that Defendant Durning assaulted Z.B., a minor passenger sitting

18   next to him, causing injury to Z.B., her sibling J.B., and her mother, S.S. Plaintiffs

19   further allege that Durning's sexual assault was enabled by Delta's conduct of allowing

20   a visibly intoxicated Durning to board the flight and continuing to serve him alcohol

21   during the flight in violation of the law and Delta's own policies and procedures.

22   According to Plaintiffs, after Delta became aware of the sexual assault, Delta caused

23   Plaintiffs to suffer further trauma and harm by forcing the minor to stay in the seat

24   where the assault took place, seating Durning near his victim and her family without

25   any restraints, allowing Durning to roam freely about the airplane where he taunted and

26   harassed Plaintiffs, and allowing Durning to retrieve his luggage from the compartment

27   directly above Plaintiffs and further harass and taunt them as he deplaned. According

28   to Plaintiffs, Delta committed these acts and omissions while being aware of the well-

3

301437557v.1

1  documented prevalence of in-flight sexual assaults, and the heightened risk of such

2  assaults on red-eye flights.

3        For his conduct that is at issue in this action, Defendant Durning was arrested and

4  subsequently convicted of assaulting a minor and two counts of simple assault by a

5  federal jury in the United States District Court for the Middle District of Florida. *See*

6  *United States v. Brian Patrick Durning*, Case No. 6:22-cr-00102-WWB-RMN-1 (M.D.

7  Fla.) (Dkt. #115).

8            **Delta's Statement of the Case**

9        Delta is not liable for the willful acts or criminal acts of third parties, including

10 Durning. Delta denies that any act or omission on its part caused Plaintiffs injury.

11 Rather, Plaintiffs' claims and injuries, if any, were solely caused by the independent

12 and unforeseeable conduct of Durning. Delta acted in conformity with and pursuant to

13 all applicable regulations and industry standards. Here, there is no evidence that Delta

14 knew or should have known that Durning was reasonably likely to assault another

15 passenger or that Delta had the ability to prevent the alleged assault.

16 **B.    SUBJECT MATTER JURISDICTION**

17       Delta removed this case that was originally filed in California Superior Court to

18 federal court, alleging subject matter jurisdiction on the basis of diversity. Plaintiffs

19 deny that there is diversity jurisdiction, arguing, among other things, that there is not

20 complete diversity of citizenship between them and Defendant Durning because they

21 are all California citizens. Delta contends all parties are diverse because Defendant

22 Durning is a citizen of Florida. Plaintiffs have filed a motion to remand the case, which

23 has been fully briefed.

24 **C.    LEGAL ISSUES**

25       Liability, causation and damages are all at issue in this matter. As set forth above

26 in its Statement of the Case, Delta asserts that it cannot be held liable for the willful acts

27 or criminal acts of third parties, including Durning. Delta contends it complied with

28 applicable regulations and industry standards, and no act or omission on Delta's part

4

JOINT RULE 26(F) REPORT

301437557v.1

1  caused Plaintiffs injury. Rather, Plaintiffs' alleged damages, if any, were caused solely

2  by the independent conduct of Durning.

3  **D.      PARTIES AND EVIDENCE**

4  **List of Parties**

5  Plaintiffs:    Z.B., a minor, by their guardian, S.S

6                     J.B., a minor, by their guardian, S.S., and

7                     S.S., an individual

8  Defendants: Delta Air Lines, Inc., and

9                     Brian Patrick Durning

10  **Percipient Witnesses**

11  Z.B.

12  J.B.

13  S.S.

14  Brian Patrick Durning

15  Members of the flight crew, including, without limitation:

16           Pedro Maldonado

17           Rachell McCoy

18           Wilfredo Sanchez

19           Mario Lopez

20           Tomas Redford

21           Jonathan Ly

22  Delta employees, including, without limitation:

23           Aissatou Berry

24           Milicent Ramos

25           Kaeli Jacob

26  Other witnesses who testified during the Durning criminal trial including:

27           Sharon Joseph

28           Antonio Cento

JOINT RULE 26(F) REPORT

301437557v.1

1    Richard Krum

2    Taberi Francis

3    Law enforcement personnel, including:

4    Juan Pomales

5    Brian Pina

6    Nason Miner

7    Anthony Helicio

8    David D'Arcangelis

9    Additional witnesses may include other passengers on the flight and Delta
10   employees, including gate agents, and Plaintiffs' treating medical/counseling providers.
11   Plaintiffs may also seek to call persons with knowledge about Delta's practices and
12   procedures. Delta may also seek to call Plaintiffs' teachers and friends, and Plaintiffs
13   Z.B. and J.B.'s father.

14   **Key Documents**

15   Document discovery has just begun and it is therefore difficult to identify what
16   documents will be important as evidence. Among the documents and other evidence
17   likely to be important are the Exhibits used during Defendant Durning's criminal trial.
18   This includes but is not limited to the following:

19   • Surveillance Video from Los Angeles Airport on June 23, 2022

20   • Surveillance Video from Orlando Airport on June 24, 2022

21   • Body cam footage

22   • Trial transcripts of the testimony of all witnesses

23   **E.    DAMAGES**

24   **Plaintiff's Position:**

25   Quantification of Plaintiffs' damages at this point is difficult because the majority
26   of the damages suffered are for pain, suffering and inconvenience as well as emotional
27   distress. In addition, there is a significant component of loss of future earning capacity
28   and future medical expenses that cannot be accurately quantified without expert

6

JOINT RULE 26(F) REPORT

301437557v.1

1  opinion. Plaintiffs also seek past and present economic damages, including but not

2  limited to lost earnings and medical expenses, in an amount to be determined at trial.

3  **Delta's Position:**

4  Delta cannot be held liable for the willful acts or criminal acts of Durning, and

5  no act or omission on Delta's part caused Plaintiffs injury. Rather, Plaintiffs' alleged

6  damages, if any, were caused solely by the independent conduct of Durning.

7  **F.   INSURANCE**

8  Delta states that it is insured through Allianz Global Risks US Insurance

9  Company with sufficient policy limits relating to this matter. There is no reservation of

10  rights.

11  Plaintiffs do not believe that this response satisfies the requirements of Rule 26

12  and they have no information concerning the amount and nature of Delta's insurance

13  coverage.

14  **G.   MOTIONS**

15  There is a pending motion to remand this case to California Superior Court that

16  was filed by Plaintiffs who argue, among other things, that the Court lacks subject

17  matter jurisdiction because there is not complete diversity of citizenship. Delta

18  maintains jurisdiction in this Court is proper because the parties are completely diverse

19  and the amount in controversy exceeds the minimum threshold. The Parties do not

20  believe it likely that other motions will be filed seeking to add other parties or claims,

21  file amended pleadings, transfer venue, or challenge the court's jurisdiction.

22  **H.   DISPOSITIVE MOTIONS**

23  **Plaintiffs' Position:**

24  Plaintiffs do not anticipate the filing of a dispositive motion.

25  **Delta's Position:**

26  Delta anticipates filing a dispositive motion, specifically a motion for summary

27  judgment, with respect to all of Plaintiffs' claims against it. Delta cannot be held liable

28  for the willful acts or criminal acts of third parties, including Durning. There is no

JOINT RULE 26(F) REPORT

301437557v.1

1  evidence that Delta knew or should have known that Durning was reasonably likely to

2  assault another passenger or that Delta had the ability to prevent the alleged incident.

3  As such, Plaintiffs' claims against Delta fail as a matter of law. Further, there is no

4  evidence that Delta intended to cause Plaintiffs harm. There is no basis in fact or law

5  for Plaintiffs' request for punitive damages. It is anticipated that additional grounds for

6  dispositive relief may be developed through the course of discovery.

7  **I.      MANUAL FOR COMPLEX LITIGATION**

8         The Parties do not believe that the procedures of the Manual for Complex

9  Litigation should be utilized in this matter.

10  **J.      STATUS OF DISCOVERY**

11         Prior to the case being removed from California Superior Court the Parties had

12  initiated discovery, serving document requests and interrogatories and responses to

13  same. They had also begun the meet and confer process with respect to the adequacy of

14  the responses and the identification of issues that might need judicial resolution. The

15  Parties have not yet exchanged any documents, pending entry of a protective order. By

16  agreement, the Parties will treat the document requests and responses as if they had been

17  served in this Court. The Parties further agree to continue the process of meeting and

18  conferring and producing documents prior to the filing of any discovery motions

19  relating to the previously served document requests, and stipulate that this Court has

20  jurisdiction to rule on any motions to compel in connection with those document

21  requests, should such motion be necessary after a protective order is entered and further

22  meet and confer takes place. The Parties will serve new interrogatories in this case.

23         Given the nature of the materials to be produced in discovery, all the Parties

24  believe that discovery should be conducted subject to a protective order. Prior to

25  removal, the Parties were in the process of negotiating an agreed protective order. The

26  Parties believe that they will be able to agree a proposed protective order for submission

27  to the Court.

28

8

JOINT RULE 26(F) REPORT

301437557v.1

**K.     DISCOVERY PLAN**

The Parties do not believe that there should be changes to the form of initial disclosures under Rule 26(a). Pursuant to Rule 26(a) the Parties stipulate that initial disclosures should be made by September 27, 2024, fourteen days after the scheduled Rule 26 (f) Conference.

Plaintiffs do not believe that discovery should be conducted in phases and that doing so would unnecessarily complicate and delay the discovery process for no benefit. Delta argues that discovery should be conducted in phases with respect to the claim for punitive damages. Delta argues that financial discovery, relating to Plaintiffs' request for punitive damages, should not be conducted except upon Order of the Court finding Plaintiffs made a prima facie showing of entitlement to such damages.

The Parties do not anticipate issues with the discovery of electronically stored information. The Parties are not requesting changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, other than that they request that both Plaintiffs on the one hand and Delta and Defendant Durning on the other be permitted to take up to fifteen depositions without seeking further leave of the Court.

As indicated above, the Parties will be seeking a protective order regarding the confidential treatment of material provided during discovery.

**L.     DISCOVERY CUT-OFF**

The Parties believe that fact discovery in this matter should be concluded by July 18, 2025. See attached Schedule of Pretrial and Trial Dates Worksheet.

**M.     EXPERT DISCOVERY**

Expert Initial Disclosures:        May 9, 2025

Expert Rebuttal Disclosures:    June 20, 2025

Expert Discovery Cut-off:        August 1, 2025

See attached Schedule of Pretrial and Trial Dates Worksheet.

JOINT RULE 26(F) REPORT

301437557v.1

**N.    SETTLEMENT CONFERENCE/ALTERNATIVE DISPUTE**

**RESOLUTION**

Delta's preference is for private mediation.

Plaintiffs are willing to participate in private mediation should Delta agree to bear the cost of such mediation. Absent such an agreement by Delta, Plaintiffs would request a settlement conference to be conduct by the assigned Judge or Magistrate.

**O.    TRIAL ESTIMATE**

5 – 7 Trial Days. The Parties believe that this amount of time will be necessary because the criminal trial concerning Defendant Durning's conduct and matters occurring on the flight lasted for three days. This trial will involve those issues plus additional facts concerning the conduct and duties of Delta as well as the injuries to Plaintiffs.

**P.    TRIAL COUNSEL**

Plaintiffs' Trial Counsel: Jessica R. Lobis Buckwalter, Jeffrey D. Robinson, and Karen Agnifilo

Defendant's Trial Counsel: Kathryn A. Grace and Nicole T Melvani

**Q.    INDEPENDENT EXPERT OR MASTER**

The Parties do not believe that there is a need for an independent expert or master in this matter.

**R.    SCHEDULE WORKSHEET**

See attached Schedule of Pretrial and Trial Dates Worksheet.

**S.    OTHER ISSUES**

Defendant Durning is incarcerated in the Federal Correctional Institution at Fort Dix, New Jersey and is appearing *pro se* in this action. In a Motion by Durning that Plaintiffs' counsel received on August 27, 2024, but that has not yet been docketed, Durning asserts that his appearance at proceedings, remote or otherwise, will require an Order by this Court. Durning's incarceration and *pro se* appearance will also

10

1    complicate the meet and confer process contemplated by the Federal Rules of Civil

2    Procedure, the Local Civil Rules of this Court, and the Court's Standing Order and

3    procedures. The Parties seek the Court's guidance on practices and procedures that

4    will protect Defendant Durning's rights while insuring the efficient handling and

5    resolution of this matter.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26(F) REPORT

301437557v.1

1

2     Dated: August 30, 2024            Respectfully submitted,

3                                       **LEWIS BAACH KAUFMANN**
                                        **MIDDLEMISS PLLC**
4

5                                       By: /s/ Jessica R. Lobis Buckwalter
                                        Jessica R. Lobis Buckwalter (SBN 199200)
6                                       Adam Kaufmann*
                                        Jeffrey D. Robinson (admitted *pro hac vice*)
7                                       Li Jiang (SBN 292940)

8                                       **AGNIFILO LAW GROUP, APC**
                                        Karen Agnifilo*
9

10                                      *admitted *pro hac vice* in Related Case

11
                                        **DE CASTRO LAW GROUP, P.C.**
12                                      José-Manuel A. de Castro (SBN 213769)

13                                      *Attorneys for Plaintiffs*

14
      Dated: August 30, 2024            Respectfully submitted,
15
                                        **WILSON, ELSER, MOSKOWITZ,**
16                                      **EDELMAN & DICKER LLP**

17
                                        By: /s/ Kathryn A. Grace
18                                      Kathryn A. Grace
                                        Nicole T. Melvani (SBN 281718)
19                                      Gregory K. Lee (SBN 220354)

20                                      *Attorneys for Defendant*
                                        *Delta Air Lines, Inc.*
21

22

23

24

25

26

27

28

JOINT RULE 26(F) REPORT

**CERTIFICATE OF SERVICE**

I certify that on August 30, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

I further certify that on August 30, 2024, I caused a copy of the foregoing to be mailed to Defendant Brian Patrick Durning via First-Class U.S. Mail at the following address:

> Inmate Reg. No. 07785-510
> Federal Correctional Institution
> Fort Dix
> P.O. Box 2000
> Joint Base MDL, NJ 08640

/s/ *Jessica R. Lobis Buckwalter*
Jessica R. Lobis Buckwalter