Brian Patrick Durning
Inmate Reg. No. 07785-510
Federal Correctional Institution
Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

Defendant Pro Se



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.B., et al. | Case No. 2:24-cv-06190-FLA-DFM |
| Plaintiffs; | |
| v. | DEFENDANT DURNING'S MOTION TO STRIKE PLAINTIFFS' MOTION TO REMAND FOR RULE 5 VIOLATION |
| Delta Airlines, et al. | |
| Defendants. | |

Defendant Brian Patrick Durning, proceeding pro se, hereby moves this Court to strike Plaintiffs' Motion to Remand Action to State Court on the grounds that it was not properly served on Defendant Durning, in violation of his due process rights and Federal Rule of Civil Procedure 5(b).

I. INTRODUCTION

Defendant Brian Patrick Durning is currently incarcerated and proceeding pro se in this matter. Mr. Durning has not received proper service of the majority of court filings in this case, including Plaintiffs' Motion to Remand and related documents. This lack of service has severely prejudiced Mr. Durning's ability to participate in these proceedings and respond to important jurisdictional issues. Moreover, the failure here deprives the Court of the only information that matters to the diversity question.

II. FACTUAL BACKGROUND

1. Mr. Durning is currently incarcerated at FCI Fort Dix in New Jersey.
2. Mr. Durning has not received any Notices of Electronic Filing from the District Court Clerk's office which he understands are mailed to pro se prisoners so as to notify them that documents have been filed.
3. The only document Mr. Durning has received from Plaintiffs was the initial complaint when it was first filed in state court.
4. Defendant Delta Air Lines, Inc., through counsel, has been the only party to consistently communicate with Mr. Durning and serve him with documents.
5. Mr. Durning was unaware of the Motion to Remand until he received Delta's response to it on August 23, 2024 during the institution mail call for inmates.
6. Mr. Durning has not had the opportunity to review Plaintiffs' arguments regarding his alleged domicile in California or to respond to them.

III. ARGUMENT

A. Plaintiffs' Failure to Serve Mr. Durning Violates Due Process

The failure to serve Mr. Durning with the Motion to Remand and other critical filings violates his constitutional right to due process. As a pro se prisoner litigant, Mr. Durning is entitled to notice of all proceedings affecting his rights and the opportunity to be heard. See Bounds v. Smith, 430 U.S. 817, 821 (1977). Durning wishes to express that he intends to defend this action fully and does not want to be left by the wayside jslust because he is unable to participate through electronic means.

B. Plaintiffs' Failure to Serve Mr. Durning Violates Federal Rule of Civil Procedure 5(b)

Plaintiffs' failure to serve Mr. Durning with the Motion to Remand and other filings is in direct violation of Federal Rule of Civil Procedure 5(b). Rule 5(b)(2)(C) specifically provides that service on an individual may be accomplished by `mailing it to the person's last known address in which event service is complete upon mailing.` As a pro se incarcerated defendant, Mr. Durning should have been served by mail at his prison address. Plaintiffs' failure to do so is a clear violation of this rule.

Furthermore, Rule 5(b)(2)(E), which allows for service by electronic means, requires the receiving party's written consent, which Mr. Durning has not provided. Therefore, electronic service would not have been sufficient even if it had been attempted.

This violation of Rule 5(b) is not merely procedural, it has substantively impaired Mr. Durning's ability to participate in this litigation and defend his interests.

C. Mr. Durning Has Been Prejudiced by Lack of Service

The lack of proper service has prevented Mr. Durning from participating in this litigation, particularly regarding the crucial issue of the court's jurisdiction. Mr. Durning has been unable to present his own position on his domicile, which is a key factor in determining diversity jurisdiction.

D. Mr. Durning Agrees with Delta's Position on Domicile

While Mr. Durning has not seen Plaintiffs' arguments, based on Delta's response, he agrees with and fully supports Delta's position that he is not domiciled in California and asserts unequivocally that he has taken numerous steps to establish Florida as his permanent domicile. Mr. Durning wishes to present his own response supporting this position, but cannot do so without reviewing Plaintiffs' motion.

IV. RELIEF REQUESTED

For these reasons, Mr. Durning respectfully requests that the Court:

1. Strike Plaintiffs' Motion to Remand,
2. Order that the Motion to Remand, if refiled, be properly served on Mr. Durning at his current address of incarceration,
3. Order that all past and future filings in this case be served on Mr. Durning via mail at his prison address,
4. Grant Mr. Durning an extension of time to review all previously unserved filings and file any necessary responses,
5. Stay proceedings briefly to allow Mr. Durning to be brought up to speed on the case status and filings, and
6. Grant any other relief the Court deems just and proper.

Respectfully submitted,

_/s/ Brian Patrick Durning_
Brian Patrick Durning, Pro Se

Date: 08/26/2024

Brian Dugging #07735-576
FCI Fort Dix
Po Box 2000
JB MDL, NJ 08640

U.S. District Court
Attn: Clerk of the Court
312 N. Spring Street
Room G-8
Los Angeles, CA 90012-4701

RECEIVED
CLERK U.S. DISTRICT COURT
SEP - 4 2024
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY




Case 2:24-cv-06190-FLA-DFM   Document 31   Filed 09/04/24   Page 4 of 4   Page ID #:705